ANNETTE M. DAVIS v. JAMES G. DAVIS.

(Filed 4 May, 1938.)

**Divorce § 14: Contempt of Court § 2b—Failure to comply with deed of separation approved by consent judgment will not support attachment for contempt.**

> Pending an action for divorce *a mensa* and for alimony, the parties entered into a compromise settlement and separation agreement which provided that defendant should pay a certain sum weekly for the support of plaintiff and their children, which separation agreement was approved by the court by a consent judgment. *Held:* Defendant's failure to comply with the terms of the separation agreement will not support an attachment of defendant for contempt, since the consent judgment merely approved the agreement and did not order the payment of any sum by defendant. The distinction is pointed out between this consent judgment which merely approved the separation agreement, and consent judgments adjudging the payment of alimony.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Hill, Special Judge,* at November Term, 1937, of MECKLENBURG. Reversed.

Motion to attach defendant for contempt for failure to pay alimony. From judgment for plaintiff, defendant appealed.

*Frank W. Orr and Robert A. Hovis for plaintiff.*
*Small & Small for defendant.*

DEVIN, J. The appeal brings up for review that portion of the judgment below which holds the defendant in contempt of court for refusal to obey the provisions of the judgment previously entered in the cause by Judge McElroy.

The facts material to the decision of the case are not in dispute. It appears that in 1935 plaintiff instituted action against the defendant for divorce *a mensa et thoro* and for alimony. Pending the action, plaintiff and defendant entered into a compromise settlement and separation

agreement, whereby it was agreed, among other things, that defendant should pay $16.75 per week for the support of plaintiff and two children. Thereupon Judge McElroy, on 19 June, 1936, entered a consent judgment wherein it was found that the provisions of the separation agreement were fair and it was adjudged that said agreement be approved, a copy of the agreement being attached to the judgment. Shortly after the rendition of the McElroy judgment plaintiff obtained, in an action for that purpose then pending, an absolute divorce from the defendant, on 24 June, 1936.

In November, 1937, plaintiff filed motion in the action for a divorce *a mensa,* alleging that defendant had reduced the weekly payments provided under the agreement and asking that the defendant be cited to show cause why he should not be attached for contempt. Upon the hearing in the court below upon this motion and defendant's answer thereto, Judge Hill found that defendant received a salary sufficient from which to pay the amount agreed upon, and adjudged the defendant in contempt of court for refusal to obey the provisions of the McElroy judgment.

Undoubtedly, a willful disobedience of the provisions of a judgment of the Superior Court, having jurisdiction of the parties and cause of action, adjudging the payment by the husband of certain sums as alimony for the support of his wife, notwithstanding the judgment was entered by consent and based upon a written agreement, would subject the husband in a proper proceeding to attachment for contempt. *Webster v. Webster, ante,* 135. But this principle cannot be held applicable to the facts in this case, for the reason that Judge McElroy entered no order or judgment requiring the defendant to pay any sum of money or to perform any other act. He merely gave judicial approval to the separation agreement between the parties. It was their contract. The obligation of the defendant to make payments to the plaintiff derived its efficacy from the agreement and not from judgment of the court. The fact that a copy of the agreement was attached to the judgment would show the court's sanction, but there was no order in the judgment requiring compliance with the provisions of the agreement, disobedience of which would subject the defendant to attachment for contempt. C. S., 978 (4). He has, according to plaintiff's allegations, failed to comply with his agreement with her, but for this he may not be adjudged in contempt. Her only remedy, it would seem, would lie in an action for the breach of the contract.

The appellant's assignment of error on this ground must be sustained and the judgment in this respect is

Reversed.

SEAWELL, J., took no part in the consideration or decision of this case.