CHRISTINE CARPENTER BUNN v. HAROLD BUNN.

(Filed 20 May, 1964.)

**1. Husband and Wife § 11;   Divorce and Alimony § 21—**

Where a judgment merely approves a separation agreement between the parties the agreement remains only a contract, sanctioned by the court, and its provisions for support of the wife do not amount to alimony and may not be enforced by contempt proceedings or altered by the courts without the consent of the parties except for fraud or mistake, although the provisions for support of the children of the marriage may not withdraw the children from the supervision of the court.

**2. Same—**

Where a judgment decrees that the husband make payments for the support of the wife and children in accordance with a deed of separation executed by them, provisions for the support of the wife are alimony and may be enforced by contempt proceedings or modified by the court for change of condition, and the provisions for the support of the children always remain subject to the protective supervision of the court.

**3. Same—**

Where a separation agreement provides for final settlement of property rights and also for payments for the support of the wife, a consent judgment decreeing payment in accordance with the agreement may not be thereafter modified by the court insofar as a division of property is con-

cerned, although provisions for alimony may be modified unless inseparable from the provisions for the property distribution.

**4. Appeal and Error § 19—**

Where it does not appear that the court was requested to pass upon the question of attorney's fees, an exception to his failure to do so, appearing nowhere in the record except in a purported assignment of error, does not present the matter for review.

APPEAL by plaintiff from *Bone, E. J.,* January 1964 Civil (A) Session of WAKE.

Plaintiff instituted this action on November 13, 1961 under G.S. 50-16 to secure support for herself and the two minor children of her marriage to defendant. In addition, she asked for the exclusive custody of the children. The defendant duly filed his answer and the matter came on to be heard before the Honorable W. Jack Hooks, Judge Presiding at the November 1961 (A) Civil Term. After finding as a fact that "the parties hereto consent to the entering of this judgment," Judge Hooks ordered, adjudged, and decreed that: (1) During the lifetime of the plaintiff, or until her remarriage, defendant should pay plaintiff $62.50 on the first and fifteenth day of each month for her support; (2) until the children "become 21 years of age, or until they marry," defendant should pay plaintiff the sum of $50.00 on the first and fifteenth day of each month for their support; (3) plaintiff should have exclusive custody of the two children and defendant permission to visit them in plaintiff's home at reasonable times and after notice; and (4) defendant should convey to the plaintiff his interest in the home which they owned by the entireties. To evidence the consent of the parties, the attorneys for both signed the judgment.

On August 13, 1962, upon motion of the plaintiff, the defendant was cited for contempt for failing to make the payments specified in the judgment. The defendant then moved for a reduction in the payments because of a change in his financial condition. Judge Clark, presiding at the September 1962 term, heard both motions and entered an order reducing the total bi-weekly payments for the support of plaintiff and the two children to ninety dollars.

On December 13, 1963 the defendant, having remarried, once more moved the court to reduce the support payments "to a sum less *(sic)* in conformity" with his present financial situation. The plaintiff answered this motion and moved that the order of Judge Clark be set aside as null and void, that the judgment of Judge Hooks be reinstated, and that the defendant be required to comply with it. When these two motions came on to be heard before Judge Bone at the January 1964 (A) Civil Term, the defendant withdrew his motion for a further re-

duction in his payments, but plaintiff pressed her motion to set aside Judge Clark's judgment and to reinstate that of Judge Hooks. Judge Bone denied plaintiff's motion and she appealed.

*Alfonso Lloyd and R. P. Upchurch for plaintiff.*
*No counsel contra.*

SHARP, J. "Alimony, as that term is used in the law, is an allowance made for the support of the wife out of the estate of the husband by order of court in an appropriate proceeding, and is either temporary or permanent." *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118. Consent judgments for the payment of subsistence to the wife are of two kinds. In one, the court merely approves or sanctions the payments which the husband has agreed to make for the wife's support and sets them out in a judgment against him. Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court. Since the court itself does not in such case order the payments, the amount specified therein is not technically alimony. In the other, the court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders the husband to pay the specified amounts as alimony.

A contract-judgment of the first type is enforceable only as an ordinary contract. It may not be enforced by contempt proceedings and, insofar as it fixes the amount of support for the wife, it cannot be changed or set aside except with the consent of both parties in the absence of a finding that the agreement was unfair to the wife or that her consent was obtained by fraud or mutual mistake. *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487; *Howland v. Stitzer,* 236 N.C. 230, 72 S.E. 2d 583; *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Stanley v. Stanley, supra; Davis v. Davis,* 213 N.C. 537, 196 S.E. 819. Of course, neither agreements nor adjudications for the custody or support of a minor child are ever final. Parties may never withdraw children from the protective supervision of the court. *Fuchs v. Fuchs, supra; Bishop v. Bishop,* 245 N.C. 573, 96 S.E. 2d 721; *Holden v. Holden, supra.*

A judgment of the second type, being an order of the court, may be modified by the court at any time changed conditions make a modification right and proper. The fact that the parties have agreed and consented to the amount of the alimony decreed by the court does not take away its power to modify the award or to enforce it by attachment for contempt should the husband wilfully fail to pay it. *Stancil v. Stancil,* 255 N.C. 507, 121 S.E. 2d 882; *Smith v. Smith,* 247 N.C. 223, 100 S.E. 2d 370; *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d

576; *Davis v. Davis, supra, Dyer v. Dyer,* 212 N.C. 620, 194 S.E. 278. *Alimony* is subject to modification and to enforcement by contempt proceeding if the situation so requires.

When called upon to alter the terms of a consent judgment, or to enforce its provisions by contempt proceedings, the question for the court in each case is whether the provision for the wife contained therein rests only upon contract or is an adjudication of the court. If it rests on both, it is no less a decree of the court. As pointed out in a note in 35 N.C.L. Rev. 405, "the subleties in the form" of a consent judgment for support payments to the wife "play a major role in determining the subsequent rights of the parties" and, if the judgment is to be of "practical value to the wife other than as a judicial affirmation of the contract existing between the parties, . . . it is advisable that the attorney carefully word the form of the judgment so as to preserve in the court further rights in the cause." See also 40 N.C.L. Rev. 530.

Needless to say, a judgment which purports to be a *complete* settlement of all property and marital rights between the parties and which does not award alimony within the accepted definition of that term is not subject to modification even though it adjudges that the wife recover a specific money judgment. This is a consent judgment in its technical sense. *Armstrong v. Insurance Co.,* 249 N.C. 352, 106 S.E. 2d 515; *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209. However, an agreement for the division of property rights and an order for the payment of alimony may be included as separable provisions in a consent judgment. In such event the division of property would be beyond the power of the court to change, but the order for future installments of alimony would be subject to modification in a proper case. *Briggs v. Briggs,* 178 Or. 193, 165 P. 2d 772, 166 A.L.R. 666. However, if the support provision and the division of property constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties. 2 A Nelson on Divorce and Alimony (2d ed. rev.) § 17.03; Annot., 166 A.L.R. 693-701.

Since the decision of this Court in *Stancil v. Stancil, supra,* it has been clear that, absent special circumstances, any judgment which awards alimony, notwithstanding it was entered by the consent of the parties, is enforceable by contempt proceedings should the husband wilfully fail to comply with its terms. If the judgment can be enforced by contempt, it may be modified and vice versa. This is only just. If a man in prosperous days consents that a judgment be entered against him for generous alimony and thereafter is unable to pay it because of financial reverses, the order should be altered to conform to his ability to pay.

The consent judgment which Judge Hooks entered on November 16, 1961 was not a mere contract-judgment; it was an adjudication, an order to pay alimony in an amount which the parties then agreed was proper. While not an issue here, it is clear that the agreement and decree that defendant convey to plaintiff, as a home for herself and the two minor children, the property which they owned as tenants by the entirety was separable from the support provisions. Plaintiff recognized the status of Judge Hooks' judgment as an adjudication of alimony when, in August 1962, she asked the court to enforce it by attaching the defendant for contempt for his failure to make the required payments. The disposition of this motion does not appear. Presumably the defendant paid the arrearage for, upon his motion on September 21, 1962, Judge Heman R. Clark reduced the payments which he had agreed to make and which Judge Hooks had decreed. Judge Clark had the authority to reduce these payments and plaintiff did not appeal from his order. Judge Bone therefore properly denied plaintiff's motion that Judge Clark's order modifying that of Judge Hooks be declared null and void.

The plaintiff also attempts to assign as error the failure of Judge Bone to make an order allowing fees to her attorneys for their services in contesting defendant's motion for a further reduction in his payments and in prosecuting her motion to reinstate Judge Hooks' judgment. It does not appear from the record that Judge Bone passed upon plaintiff's motion for fees or that the matter was ever brought to his attention. The subject of attorneys' fees and the exception to the judge's failure to allow them first appear in an assignment of error. An exception which appears nowhere in the record except under a purported assignment of error is worthless and will not be considered on appeal. *Holden v. Holden, supra.*

The judgment of the Superior Court is
Affirmed.