ROBERT E. WILLIFORD v. EDNA WOLFE WILLIFORD

No. 7119DC147

(Filed 24 February 1971)

Divorce and Alimony § 21— separation agreement — incorporation of support provisions in divorce decree — contempt proceedings

Where provisions of a separation agreement relating to support payments for the wife were incorporated in the divorce judgment, but neither party was ordered to comply with any of such provisions, the husband's obligation to pay support to the wife arises from the agreement, not the judgment, and may not be enforced by contempt proceedings.

APPEAL from Hammond, District Court Judge, 10 December 1970 Session of RANDOLPH County District Court.

The plaintiff husband and defendant wife entered into a written separation agreement on 25 February 1967. The agreement provided that certain of its provisions, including those provisions wherein plaintiff agreed to provide monthly support payments for defendant, would be incorporated in any court order or decree entered in an action brought by either party for divorce.

Plaintiff subsequently brought this action for absolute divorce. A final divorce judgment was entered 5 March 1969. The following portion of the judgment is pertinent here:

"AND IT IS FURTHER ORDERED that pursuant to the provisions of paragraph '12' of said separation agreement the provisions of paragraphs '5,' '6,' '7,' '8' and '9' of the separation agreement be and they hereby are incorporated into this decree and made a part hereof, to wit:

\*　　\*　　\*

6. ALLOWANCE FOR SUPPORT OF WIFE. It is agreed that the party of the first part shall pay to party of the second part for her support and maintenance the sum of Twelve Hundred Dollars ($1,200.00) per month, payable on or before the first day of each calendar month, beginning with the month of March, 1967. . . . "

On 9 November 1970, defendant filed a motion in the cause alleging that plaintiff was in arrears in support payments and requesting that he be adjudged in contempt "for failure to comply with the prior judgment of the Court." The motion came on for hearing before District Judge Hammond. By order dated 14 December 1970, Judge Hammond denied the motion on the grounds that the judgment entered in the cause on 5 March 1969 was not enforceable by contempt proceedings. Defendant appealed.

*Bell, Ogburn & Redding by John N. Ogburn, Jr. for plaintiff appellee.*

*Miller, Beck and O'Briant by Adam W. Beck for defendant appellant.*

GRAHAM, Judge.

In *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240, Justice Sharp, speaking for the court, stated the following:

"Consent judgments for the payment of subsistence to the wife are of two kinds. In one, the court merely approves or sanctions the payments which the husband has agreed to make for the wife's support and sets them out in a judgment against him. Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court. Since the court itself does not in such case order the payments, the amount specified therein is not technically alimony. In the other, the court adopts the agreement of the parties as its own determination of

their respective rights and obligations and orders the husband to pay the specified amounts as alimony.

A contract-judgment of the first type is enforceable only as an ordinary contract. It may not be enforced by contempt proceedings and, insofar as it fixes the amount of support for the wife, it cannot be changed or set aside except with the consent of both parties in the absence of a finding that the agreement was unfair to the wife or that her consent was obtained by fraud or mutual mistake. *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487; *Howland v. Stitzer,* 236 N.C. 230, 72 S.E. 2d 583; *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Stanley v. Stanley, supra; Davis v. Davis,* 213 N.C. 537, 196 S.E. 819."

The judgment involved here is clearly of the first type mentioned above, and consequently, it may not be enforced by contempt proceedings. The court ordered that certain of the agreement provisions be incorporated in the divorce decree. This was accomplished when these provisions were written into the face of the judgment. Neither party was ordered to comply with any of the provisions. Thus, the court merely gave judicial approval to the separation agreement between the parties. It was their contract. *Davis v. Davis,* 213 N.C. 537, 196 S.E. 819. Plaintiff's obligation to pay support to defendant arises from the agreement and not from the judgment. See opinion of Parker, Judge, in *Williford v. Williford,* filed this date.

Plaintiff argues strenuously that the intent of the parties was that the judgment be enforceable by contempt proceedings. However, we are bound by the language of the judgment itself. A court may not punish a husband for failing to make support payments which he has never been ordered to make.

It has often been called to the attention of the Bar that where it is desired that a judgment for the payment of support be enforceable by contempt, careful wording of the form of the judgment is important. *Bunn v. Bunn, supra; Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71; Note, 35 N.C.L. Rev. 405 (1957).

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.