VIRGINIA F. LEVITCH v. DAVID H. LEVITCH

No. 9

(Filed 7 March 1978)

**Divorce and Alimony § 21.6— separation agreement incorporated into divorce judgment—failure to pay alimony—contempt**

Where the trial court incorporated a separation agreement into a judgment of absolute divorce by reference and the court ordered that the separation agreement should survive the divorce action, but the court did not specifically order defendant to pay alimony pursuant to the separation agreement, the provisions of the agreement, including the alimony provisions, were enforceable by contempt.

THIS case is before us on petition for discretionary review of the decision of the Court of Appeals, 34 N.C. App. 56, 237 S.E. 2d 281 (1977), (Britt, J., concurred in by Brock, C.J., and Morris, J.), affirming the judgment of *Israel, D.J.,* 2 August 1976 Session, BUNCOMBE County District Court.

On 16 October 1973 plaintiff, Virginia F. Levitch, filed an action against her husband, David H. Levitch, seeking alimony without divorce, custody of the couple's minor child and child support. Defendant subsequently filed an answer and counterclaim. On 7 December 1973, judgment in the cause was issued granting defendant an absolute divorce from plaintiff upon a finding that the parties had voluntarily lived separate and apart for over one year. The court found as fact that the parties had executed a separation agreement on 21 November 1973 which contained express provisions resolving the issues set out in plaintiff's complaint and that at the time of the decree both parties were in compliance with the terms of the agreement. The court then concluded that, under G.S. 50-16.6(b), the separation agreement constituted a defense to plaintiff's claim for relief. The judgment then provided as follows:

". . . that the said Deed of Separation executed by the parties on the 21st day of November, 1973, shall survive this action and should be incorporated by reference herein; . . .

"IT IS NOW, THEREFORE, ORDERED, ADJUDGED, and DECREED that the Separation Agreement heretofore entered into by the parties on November 21, 1973, be, and the same is

hereby, incorporated by reference in this judgment and shall survive this Judgment."

On 20 January 1976, plaintiff filed a motion in the cause alleging that defendant had failed to pay alimony as provided in the separation agreement and was in arrears in payments to the extent of at least $1500.00. She asked that the defendant be adjudged in contempt of court.

On 5 August 1976 the court entered an order denying plaintiff's motion on the grounds that the 7 December 1973 judgment merely incorporated the separation agreement between the parties, and did not order defendant to pay alimony as provided in the agreement.

Other facts pertinent to the decision are set out in the opinion.

*Floyd D. Brock by Jerry W. Miller, for plaintiff-appellant.*

*Riddle and Shackelford, by Robert E. Riddle and George B. Hyler, Jr., for defendant-appellee.*

COPELAND, Justice.

The sole question for our consideration here is whether the judgment incorporating the provisions of the separation agreement is enforceable by contempt. For the reasons set out below, we have determined that it is; therefore, the decision of the Court of Appeals must be reversed.

In the analogous area of consent judgments, we have held that where the court merely approves the payments the supporting spouse has agreed to make and sets them out in the judgment, nothing more than a contract results; however, a judgment in which the court adopts the agreement of the parties as its own determination of their respective rights and obligations and directs payment of the specified amounts is an order of the court. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964). Judgments of the former type are enforceable only as ordinary contracts, while judgments in the latter category may be enforced by contempt proceedings. *Id.* We have further stated that, "When the parties' agreement with reference to the wife's support is incorporated in the judgment, their contract is superseded by the court's decree. The obligations imposed are those of the judgment, which is en-

forceable as such." *Mitchell v. Mitchell*, 270 N.C. 253, 256, 154 S.E. 2d 71, 73 (1967).

In the instant case, the court expressly stated that it "ORDERED, ADJUDGED and DECREED that the Separation Agreement heretofore entered into by the parties . . . be . . . incorporated by reference in this Judgment." Defendant contends that since the court failed to expressly state that the alimony provided for in the agreement was ordered to be paid, this was a mere approval of the agreement, rather than an adoption of it into the judgment. The incorporation language here, however, appears sufficiently compelling to indicate an intent on the part of the court to order payment of the alimony. Indeed, in the usual case in which we have found approval rather than adoption, the court has stated merely that the agreement was approved, reviewed the subject matter of the agreement in narrative form without further order, or expressly excluded the agreement from any prejudice under the terms of the judgment. *See, e.g., Davis v. Davis*, 213 N.C. 537, 196 S.E. 819 (1938); *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118 (1956); *Stanley v. Stanley*, 226 N.C. 129, 37 S.E. 2d 118 (1946).

Defendant further argues that because the separation agreement provided that it was to be incorporated in any decree of absolute divorce subsequently obtained by the parties without merging therein, the judgment here must be interpreted to be a mere approval rather than an adoption of the agreement. As a general rule, the determinative factor in construing judgments is the intent of the court. 46 Am. Jur. 2d, Judgments, § 73. Although the intent of the parties is controlling in the interpretation of consent judgments, *Yount v. Lowe*, 288 N.C. 90, 215 S.E. 2d 563 (1975), the decree in the instant case does not appear to have been obtained by consent.

Defendant relies upon *Williford v. Williford*, 10 N.C. App. 451, 179 S.E. 2d 114, *cert. denied*, 278 N.C. 301, 180 S.E. 2d 177 (1971), for the proposition that mere incorporation by reference is insufficient to indicate an adoption of the agreement. We see from a connected case at 10 N.C. App. 529, 179 S.E. 2d 113, *cert. denied*, 278 N.C. 301, 180 S.E. 2d 178 (1971), however, that the incorporation by reference in the judgment there was specifically stated by the district judge to have been done pursuant to provisions in a paragraph of the separation agreement. In the case *sub*

*judice*, the court found that the agreement ". . . shall survive this action and should be incorporated by reference herein . . ." and specifically ordered that it be incorporated by reference with no mention of any reason for the incorporation other than its determination that the agreement would survive the judgment. In the face of such unequivocal language, we cannot hold that a mere proviso in the agreement should overcome the express intent of the court to adopt the alimony provisions into its order.

It is our conclusion that the separation agreement, including the alimony provisions, was adopted by the court and compliance with its terms ordered in the divorce decree. The lower courts erred in ruling to the contrary; therefore, the cause is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.