HENRY M. BRITT, JR. v. SHIRLEY B. BRITT

No. 777DC658

(Filed 20 June 1978)

1. **Divorce and Alimony § 19.5— separation agreement—consent judgment— modification of alimony**

    Where a consent judgment ordered plaintiff to pay alimony to defendant as provided by a separation agreement attached thereto and provided that the court could enforce the separation agreement by contempt proceedings, the judgment was an adjudication by the court which was enforceable by contempt and subject to modification upon a change of conditions rather than a contract merely approved by the court which could not be modified absent consent of the parties.

2. **Divorce and Alimony § 19.5— separation agreement—consent judgment—property settlement and support provisions—modification of support**

    Support provisions and property settlement provisions of a separation agreement adopted by the court were not reciprocal considerations which would prohibit the court from modifying the support provisions on a showing of changed circumstances where the separation agreement provided that the support provisions were independent of the property settlement provisions.

APPEAL by plaintiff from *Neville, Judge.* Order entered 11 July 1977 in District Court, EDGECOMBE County. Heard in the Court of Appeals 4 May 1978.

On 19 December 1972 plaintiff husband instituted this action against defendant wife seeking a judgment granting him a divorce from bed and board and adjudging that defendant is not entitled to alimony. Defendant filed answer in which she denied the material allegations of the complaint and counterclaimed for a divorce from bed and board, alimony, alimony *pendente lite*, reasonable attorney's fees, use of the home and possession of an automobile.

On 28 February 1973, the parties consented to a judgment which provided in part:

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

    1. That the plaintiff fully perform and comply with all of the terms and provisions of the Separation Agreement attached hereto as Exhibit A, including the payment of alimony

to the defendant in the amount of Three Hundred Sixty-seven and 50/100 per month, commencing March 1, 1973, as set forth in paragraph 9 of the agreement.

\*     \*     \*

3. That this cause is retained by the court, and that should either party wilfully fail to comply with and perform the terms and conditions of the Separation Agreement attached hereto as Exhibit A, this court may, by appropriate Order, enforce the said Agreement through holding the breaching party in contempt of this court and to punish said party as law provides.

On 30 November 1973 plaintiff instituted an action for absolute divorce and requested that the consent judgment of 28 February 1973 be incorporated into the divorce decree. Defendant answered and also requested that the consent judgment be incorporated into the divorce judgment. On 31 December 1973 judgment was entered as follows:

It is now, therefore, upon motion of the attorney for the plaintiff, ORDERED, ADJUDGED AND DECREED that the bonds of matrimony heretofore existing between the plaintiff and the defendant be, and the same are hereby dissolved; that the Consent Judgment dated February 28, 1973, and entered by this court between plaintiff and defendant approved thereby shall remain in effect according to their respective terms and conditions and applicable law; and that the costs of this action be paid by the plaintiff.

On 10 November 1976 plaintiff filed a motion requesting a decrease in the amount of alimony which he was required to pay on the grounds that there had been a substantial change of circumstances in that the income of defendant had increased and his income had decreased. Defendant responded, admitting certain allegations of the motion; she also filed a counter-motion asking that plaintiff's motion be dismissed, that plaintiff be required to restore legal title to himself in all property which he had disposed of in the interim since the previous consent order, that plaintiff be enjoined from further divestures of property at less than arm's length transactions which reduced the net worth of his estate, and that he be required to pay defendant's attorney fees.

The motions were heard on 10 January 1977 and on 11 July 1977 judgment was entered denying plaintiff's motion and defendant's counter-motion. Plaintiff appealed.

*Moore, Diedrick & Whitaker, by J. Edgar Moore, for the plaintiff.*

*Grover Prevatte Hopkins for the defendant.*

BRITT, Judge.

[1] Plaintiff contends that the trial court erred in concluding that the judgments of 28 February 1973 and 31 December 1973, are contracts which cannot be modified by the court. We think this contention has merit.

In *Mitchell v. Mitchell*, 270 N.C. 253, 256, 154 S.E. 2d 71 (1967), a case decided after the landmark decision in *Bunn v. Bunn, infra*, we find language that is instructive. Justice Sharp (now Chief Justice) speaking for the court stated:

> A contract between husband and wife whereby he agrees to pay specified sums for her support may not be enforced by contempt proceedings even though the agreement has the sanction and approval of the court. *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118; *Stanley v. Stanley*, 226 N.C. 129, 37 S.E. 2d 118; *Brown v. Brown*, 224 N.C. 556, 31 S.E. 2d 529. When, however, a court having jurisdiction of the parties and the cause of action adjudges and orders the husband to make specified payments to his wife for her support, his wilful failure to comply with the court's judgment will subject him to attachment for contempt notwithstanding the judgment was based upon the parties, agreement and entered by consent. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240; *Stancil v. Stancil*, 255 N.C. 507, 121 S.E. 2d 882; *Edmundson v. Edmundson*, 222 N.C. 181, 22 S.E. 2d 576; *Davis v. Davis*, 213 N.C. 537, 196 S.E. 819. *See Smith v. Smith*, 247 N.C. 223, 100 S.E. 2d 370. This is true, "not because the parties have agreed to it, but because the judgment requires the payment." *Sessions v. Sessions*, 178 Minn. 75, 226 N.W. 701. When the parties' agreement with reference to the wife's support is incorporated in the judgment, their contract is superseded by the court's decree. The obligations imposed

are those of the judgment, which is enforceable as such. *Adkins v. Staker*, 130 Ohio State 198, 198 N.E. 575; *accord, Gloth v. Gloth*, 154 Va. 511, 153 S.E. 879. In such a case the wife has the option of enforcing the judgment by a rule of contempt or by execution, or both.

In the instant case, the trial court held that the alimony provision in the contract-judgment was based only on the contract of the parties and, therefore, was not subject to modification by the court. An examination of the two types of contract judgments discussed in *Bunn v. Bunn, supra,* and further defined in the recent case of *Levitch v. Levitch*, 294 N.C. 437, 241 S.E. 2d 506 (1978), impels us to conclude that the court's decree in the contract judgment in the instant case superseded the parties' agreement.

In *Bunn v. Bunn*, 262 N.C. 67, 69, 136 S.E. 2d 240 (1964), the court stated:

> . . . Consent judgments for the payment of subsistence to the wife are of two kinds. In one, the court merely approves or sanctions the payments which the husband has agreed to make for the wife's support and sets them out in a judgment against him. Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court. Since the court itself does not in such case order the payments, the amount specified therein is not technically alimony. In the other, the court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders the husband to pay the specified amounts as alimony.
>
> A contract-judgment of the first type is enforceable only as an ordinary contract. It may not be enforced by contempt proceedings and, insofar as it fixes the amount of support for the wife, it cannot be changed or set aside except with the consent of both parties in the absence of a finding that the agreement was unfair to the wife or that her consent was obtained by fraud or mutual mistake. . . .
>
> A judgment of the second type, being an order of the court, may be modified by the court at any time changed conditions make a modification right and proper. The fact that

the parties have agreed and consented to the amount of the alimony decreed by the court does not take away its power to modify the award or to enforce it by attachment for contempt should the husband wilfully fail to pay it. (Citations.) *Alimony* is subject to modification and to enforcement by contempt proceedings if the situation so requires.

When called upon to alter the terms of a consent judgment, or to enforce its provisions by contempt proceedings, the question for the court in each case is whether the provision for the wife contained therein rests only upon contract or is an adjudication of the court. If it rests on both, it is no less a decree of the court. As pointed out in a note in 35 N.C.L. Rev. 405, "the subleties (sic) in the form" of a consent judgment for support payments to the wife "play a major role in determining the subsequent rights of the parties" and, if the judgment is to be of "practical value to the wife other than as a judicial affirmation of the contract existing between the parties, . . . it is advisable that the attorney carefully word the form of the judgment so as to preserve in the court further rights in the cause. . . ."

\*　　\*　　\*

Since the decision of this Court in *Stancil v. Stancil, supra*, it has been clear that, absent special circumstances, any judgment which awards alimony, notwithstanding it was entered by the consent of the parties, is enforceable by contempt proceedings should the husband wilfully fail to comply with its terms. *If the judgment can be enforced by contempt, it may be modified and vice versa. This is only just. If man in prosperous days consents that a judgment be entered against him for generous alimony and thereafter is unable to pay it because of financial reverses, the order should be altered to conform to his ability to pay.* (Emphasis added.)

In the recent case of *Levitch v. Levitch, supra,* the Supreme Court in reversing a decision of the Court of Appeals held that the language in a divorce judgment that the agreement ". . . shall survive this action and should be incorporated by reference herein . . ." and the specific order that the agreement be incorporated by reference showed an express intent by the court to

adopt the alimony provisions in the order and make them enforceable by contempt even though the court did not order a specific amount of alimony to be paid or state that failure to comply with the provisions of the separation agreement would subject the parties to contempt.

In the case *sub judice*, the consent judgment ordered that the plaintiff pay alimony in the amount of $367.50 per month and that if either party wilfully failed to comply with and perform the terms and conditions of the separation agreement, the court could hold the breaching party in contempt of court. The divorce decree ordered that the consent judgment dated 28 February 1973 should remain in effect according to the respective terms and conditions and applicable law. As a result the judgment in question is actually an adjudication by the court which is enforceable by contempt and subject to modification upon a change of conditions rather than a contract approved by the court which cannot be modified absent a consent of the parties. *Bunn v. Bunn, supra*.

[2]   Plaintiff also contends that the trial court erred in concluding that the support provision and the property provision of the separation agreement that was adopted by the court in the judgments of 28 February 1973 and 31 December 1973 were reciprocal considerations so that the court was without power to modify them if there is a change of circumstances. We agree with this contention.

In *Bunn v. Bunn, supra*, the court recognized this problem and set forth the following guidelines: (pp. 67, 70)

> Needless to say, a judgment which purports to be a complete settlement of all property and marital rights between the parties and which does not award alimony within the accepted definition of that term is not subject to modification even though it adjudges that the wife recover a specific money judgment. This is a consent judgment in its technical sense. *Armstrong v. Insurance Co.*, 249 N.C. 352, 106 S.E. 2d 515; *Keen v. Parker*, 217 N.C. 378, 8 S.E. 2d 209. However, an agreement for the division of property rights and an order for the payment of alimony may be included as separable provisions in a consent judgment. In such event the division of property would be beyond the power of the court to change, but the order for future installments of alimony

Britt v. Britt

would be subject to modification in a proper case. *Briggs v. Briggs*, 178 Or. 193, 165 P. 2d 772, 166 A.L.R. 666. However, if the support provision and the division of property constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties. 2 A. Nelson on Divorce and Alimony (2d ed. rev.) § 17.03; Annot., 166 A.L.R. 693-701.

In the case at hand the separation agreement states:

The provisions for the support, maintenance and alimony of wife are independent of any division or agreement for division of property between the parties, and shall not for any purpose be deemed to be a part of or merged in or integrated with a property settlement of the parties.

In view of this language, it is clear that the support provisions and the property provisions of the separation agreement were not reciprocal considerations which would prevent the court from modifying the support provisions on a showing of change of circumstances. *See also Holsomback v. Holsomback*, 273 N.C. 728, 161 S.E. 2d 99 (1968).

Finally, plaintiff contends that the trial court erred in finding that there had been no substantial change of circumstances in his employment, earnings, health or capacities and by concluding that the change of circumstances on the part of the wife did not justify a modification of the alimony award as a matter of law.

In *Sayland v. Sayland*, 267 N.C. 378, 382, 148 S.E. 2d 218 (1966), the court set forth the following guidelines for determining when a change of circumstances had occurred which would warrant a modification in an alimony award:

The alimony which a husband is required to pay in proceedings instituted under G.S. 50-16 is a "reasonable subsistence," the amount of which the judge determines in the exercise of a sound judicial discretion. His order determining that amount will not be disturbed unless there has been an abuse of discretion. *Hall v. Hall*, 250 N.C. 275, 108 S.E. 2d 487. Reasonable subsistence is measured by the needs of the wife and by the ability of the husband to pay. Ordinarily, it is primarily to be determined by the "condition and cir-

cumstances" of the husband. *Martin v. Martin*, 263 N.C. 86, 138 S.E. 2d 801; *Coggins v. Coggins*, 260 N.C. 765, 133 S.E. 2d 700. *See* Note, 39 N.C.L. Rev. 189 (1961). The fact that the wife has property or means of her own does not relieve the husband of his duty to furnish her reasonable support according to his ability. *Mercer v. Mercer*, 253 N.C. 164, 116 S.E. 2d 443; *Bowling v. Bowling*, 252 N.C. 527, 114 S.E. 2d 228; *Coggins v. Coggins, supra*. Nevertheless, "the earnings and means of the wife are matters to be considered by the judge in determining the amount of alimony. G.S. 50-16." *Bowling v. Bowling, supra* at 533, 114 S.E. 2d at 232. The court must consider the estate and earnings of both in arriving at the sum which is just and proper for the husband to pay the wife, either as temporary or permanent alimony; it is a question of fairness and justice to both. *Bowling v. Bowling, supra*; 2 Lee, op. cit. *supra* § 145; 24 Am. Jur. 2d, Divorce and Separation § 620, 631 (1966); 27A C.J.S., Divorce § 233(1) (1959).

Payment of alimony may not be avoided merely because it has become burdensome, or because the husband has remarried and voluntarily assumed additional obligations. 24 Am. Jur. 2d, Divorce and Separation § 649 (1966); Annot., Alimony as Affected by Remarriage, 30 A.L.R. 79 (1924). However, any considerable change in the health or financial conditions of the parties will warrant an application for change or modification of an alimony decree, and "the power to modify includes, in a proper case, power to terminate the award absolutely," 2A Nelson, Divorce and Annulment § 17.01 (2d Ed. 1961). *Accord* 27A C.J.S. Divorce § 240 (1959). "The fact that the wife has acquired a substantial amount of property, or that her property has increased in value, after entry of a decree for alimony or maintenance is an important consideration in determining whether and to what extent the decree should be modified. Annot., Modification of Alimony Decree, 18 A.L.R. 2d 10, 74 (1951); 24 Am. Jur. 2d, Divorce and Separation § 681 (1966). A decrease in the wife's needs is a change in condition which may also be properly considered in passing upon a husband's motion to reduce her allowance. 27A C.J.S., Divorce § 239 (1959). By the same token an increase in the wife's needs, or a decrease in her separate estate, may warrant an increase in alimony.

While there was evidence presented in the case at hand tending to show a change of circumstances, we cannot determine from the record whether the trial judge exercised his discretion in denying plaintiff's motion or if his denial was based on the erroneous concept that he could not modify the consent judgment.

Since the denial might have been based on said erroneous concept, we feel that the findings of fact, conclusions of law and order appealed from should be vacated and the cause remanded for further proceedings consistent with this opinion. It is so ordered. We hasten to add that we express or imply no opinion as to what the trial court's findings and conclusions should be upon a showing similar to that appearing in the present record.

Order vacated and cause remanded.

Judges ARNOLD and ERWIN concur.