CHARLES A. JONES v. MARY WINIFRED JONES

No. 7818DC876

(Filed 31 July 1979)

1. **Divorce and Alimony § 16.5; Husband and Wife § 11— consent judgment—order to pay alimony—modification**
   When the trial court in a consent judgment adopts the agreement of the parties as its own determination of the rights of the parties and orders the husband to pay alimony, the consent judgment is a decree of the court and is modifiable and enforceable by contempt.

2. **Divorce and Alimony § 19.5— consent judgment—support and division of property—separability—modification of support provision**
   Even though denominated as "alimony," periodic support payments may not be alimony within the meaning of G.S. 50-16.9(a) and thus modifiable if they and other provisions for a property division between the parties constitute reciprocal consideration for each other.

3. **Divorce and Alimony § 19.5— consent judgment—support and division of property—reciprocal consideration—support provision not modifiable**
   Provisions in a consent judgment for support payments to defendant and for transfer of realty to plaintiff constituted reciprocal consideration, and the support provision was thus not subject to modification by the court where: the court did not find that defendant was a dependent spouse or that grounds for

alimony existed; the $250.00 monthly payments were limited to 32 months and were contingent upon defendant's conveyance of the marital residence and upon her quitting of the premises; defendant agreed to convey her interest in a mountain lot without any consideration for such transfer being specified; and the consent judgment provided that no claim for alimony would be asserted by defendant in any divorce action.

APPEAL by defendant from *Cecil, Judge.* Order entered 13 July 1978 in District Court, GUILFORD County. Heard in the Court of Appeals 31 May 1979.

On 1 June 1976, plaintiff-husband filed a complaint against defendant-wife for a judgment of divorce from bed and board and custody of their minor daughter. The complaint alleged, *inter alia,* that defendant has committed adultery with at least five men and that defendant has physically assaulted plaintiff; that during the last three years defendant has carried on an illicit relationship with Robert R. Johnson and the conduct was without justification or excuse; that defendant is a registered nurse and earns $8,500 per year, and is not a dependent spouse, and that defendant's sexual attitudes are detrimental to their minor daughter. Plaintiff sought custody of the child and possession of the marital home place.

On 28 June 1976, defendant was granted an extension of time to file an answer. In July 1976, the parties settled the controversy by stipulating that the District Court enter a judgment and make findings of fact without requiring the presentation of evidence. In the judgment, entered 11 August 1976, the court found that the parties owned a residence as tenants by the entireties valued at $66,000, and the parties owed $24,000 on the mortgage for said property. The court ordered plaintiff to pay defendant $250 per month for 32 months as support and alimony, provided that such payments be terminated upon remarriage or death of the defendant, and further provided that the payments were not to commence until the defendant had moved from the residence and conveyed her interest in the residence to plaintiff. In paragraph (8), the court ordered the plaintiff to pay $21,000 for defendant's interest in the marital residence. In paragraph 14, the court ordered defendant to convey her interest in and to a lot located on Beech Mountain. In paragraph 18 the court provided that:

"At the end of one year following the date of this judgment, either party shall be entitled to institute an action for absolute divorce upon the ground of one year's separation. In such event neither party shall contest the action of the party instituting such action, and no claim for alimony, separate maintenance, or the like shall be asserted by the defendant in any such action. Alimony payments shall not be barred by a procurement of absolute divorce by either of the parties hereto, these shall continue for 32 months as above specified, or until such time as the wife's remarriage or until her death, whichever event occurs first."

On 14 March 1978, defendant filed a motion in the cause pursuant to G.S. § 50-16 to modify the alimony provisions in the Judgment and Order to allow alimony in the amount of $800 per month due to a material change of circumstances. Plaintiff moved to dismiss the motion in the cause on the grounds that the consent order could not be modified pursuant to G.S. 50-16.9, and as a second defense plaintiff alleged that defendant was barred by reason of her conduct from recovering any alimony, and incorporated the allegations in his original complaint. On 29 March 1978, defendant moved to strike plaintiff's second defense on the grounds that *res judicata* barred a relitigation of the issue of defendant's adultery.

In April 1978, the court entered an order finding that the Consent Judgment contained no findings of fact upon which an award of alimony could be based and that it provided for the payment of $250 per month for a period of 32 months only. The court concluded as a matter of law that the Consent Judgment was a complete settlement of all rights of the parties, that the provisions in the Consent Judgment for payment of $250 a month for 32 months was not *per se* alimony, in that it was contingent upon the conveyance of real property, the payments were limited in time, the defendant would not lose the payments if she filed for divorce and that a study of the entire agreement shows that the provision for the $250 per month payments was a provision for the payment of $8,000 in installments.

The court then dismissed the defendant's motion for modification of the Consent Judgment.

*Graham, Cooke & Tisdale by E. Norman Graham for plaintiff appellee.*

*Robert S. Hodgman for defendant appellant.*

CLARK, Judge.

Defendant first contends that the trial court erred in concluding as a matter of law that the Consent Judgment was a complete settlement of all rights between the parties and that the provision for payment of $250 per month for 32 months was an inseparable part of the entire agreement and therefore could not be modified.

[1] As a general rule, a consent judgment cannot be modified or set aside except by agreement of the parties, *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118 (1956), since the consent judgment is merely a contract between the parties which has been approved by the court. *Davis v. Davis*, 213 N.C. 537, 196 S.E. 819 (1938). However, where a court adopts the agreement of the parties as its own determination of the rights of the parties and orders the husband to pay alimony, the consent judgment is a decree of the court and is modifiable and enforceable by contempt. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964). G.S. 50-16.9(a) provides that:

> "An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested. . . ."

For a court to have power to modify a consent judgment, the judgment must be an order of the court, and the order must be one to pay alimony. The first requirement is clearly met in this case since the court made findings of fact, conclusions of law and "ordered, adjudged and decreed" *inter alia*, that plaintiff pay $250 per month for 32 months as alimony to defendant.

[2] We must therefore determine whether the periodic support payments were alimony within the meaning of G.S. 50-16.9(a) and therefore were subject to modification. Even though denominated as "alimony," periodic support payments to a dependent spouse

may not be alimony within the meaning of the statute if the provisions for the property divisions between the parties constitute reciprocal consideration for each other. *White v. White*, 296 N.C. 661, 252 S.E. 2d 698 (1979).

"[A]n agreement for the division of property rights and an order for the payment of alimony may be included as separable provisions in a consent judgment. In such event the division of property would be beyond the power of the court to change, but the order for future installments of alimony would be subject to modification in a proper case (citations omitted). However, if the support provision and the division of property constitute a reciprocal consideration so that the entire agreement would be destroyed by a modification of the support provision, they are not separable and may not be changed without the consent of both parties." *Bunn v. Bunn*, 262 N.C. 67, 70, 136 S.E. 2d 240, 243 (1964). Plaintiff contends that the provisions for support payments to plaintiff and the provisions for transfer of real property to plaintiff are, as a matter of law, reciprocal agreements, and are inseparable; and, therefore, the consent judgment is not subject to modification. The question presented then, is whether the provisions for support and the provisions for property settlement are separable.

[3] In the case *sub judice*, we note at the outset that the court made no findings of fact upon which alimony could be based. The court did not find that defendant was a dependent spouse nor were there any findings of fact as to any grounds for alimony. See, G.S. 50-16.1(3) and G.S. 50-16.2. Second, the consent judgment provided that the payment of the $250 monthly payments was contingent upon the defendant's conveyance of the marital residence to plaintiff and contingent upon her quitting the premises. Third, the payments were limited to 32 months. Fourth, defendant agreed to convey her interest in a lot at Beech Mountain, North Carolina, without any consideration for that transfer specified.

Paragraph 17 of the Consent Judgment provided that:

"Except as provided in this judgment, each party hereby waives and relinquishes any and all claims against the person or property of the other party and agrees well and truly to abide by this agreement."

Paragraph 18 provided, in pertinent part, that in the event of divorce "no claim for alimony, separate maintenance or the like shall be asserted by the defendant in any such action."

In addition, in determining the intent of the parties to a contract or consent judgment, it is appropriate to consider their respective circumstances at the time they consented to the judgment. Although there was no hearing in the District Court, we note that the plaintiff alleged in his complaint that defendant had committed adultery. The defendant did not answer the complaint and then agreed to the Consent Judgment.

We hold that the provision for periodic support payments was an inseparable part of the Consent Judgment and therefore the periodic payments were not subject to modification. The district court properly dismissed the defendant's motion for a modification of the Consent Judgment.

Affirmed.

Judges VAUGHN and CARLTON concur.