MARTHA C. COBB v. F. GORDON COBB

No. 8126DC170

(Filed 6 October 1981)

1. **Divorce and Alimony § 21.6; Husband and Wife § 13— separation agreement incorporated in divorce decree—property settlement provisions—enforcement by contempt**

     The property settlement provisions of a separation agreement incorporated by a reference in a divorce decree are enforceable by contempt proceedings.

2. **Divorce and Alimony § 21.5— contempt for failure to make payments—necessity for finding of willfulness**

     The trial court erred in ordering that defendant be imprisoned for contempt upon his failure to make payments required by a separation agreement and divorce decree within 30 days where the court found that defendant's failure to make the payments due was not willful as of the date of the hearing, since the court must make a specific finding that defendant had the ability to pay yet willfully refused to do so before it can order defendant imprisoned for nonpayment.

APPEAL by defendant from *Black, Judge.* Judgment entered 13 February 1981 in District Court, MECKLENBURG County. Heard in the Court of Appeals 17 September 1981.

Plaintiff sought an order requiring defendant to appear and show cause why he should not be held in contempt of court for his failure to comply with a judgment for divorce entered on 22 November 1978. The court overruled defendant's motion to dismiss, and, thereafter, entered an order dated 13 January 1981 from which defendant appeals.

Plaintiff and defendant were married to each other on 28 December 1954, and lived together as husband and wife until their separation on 25 January 1977. On 24 July 1978, the parties executed a valid separation agreement. By the terms of this agreement, defendant agreed to pay plaintiff monthly child support. He also agreed to pay plaintiff a total sum of $62,400.00, representing defendant's obligation to free plaintiff's property from any of defendant's business indebtedness. Defendant agreed to pay the sum in monthly amounts of $450.00 until 1 December 1983.

On 22 November 1978, the court granted plaintiff and defendant an absolute divorce. The judgment for divorce incorporated by reference the separation agreement which the parties had signed 24 July 1978.

In October 1980, plaintiff moved the court for an order directing defendant to show cause why he should not be held in contempt for failure to comply with the divorce judgment entered 22 November 1978. Specifically, she alleged that defendant had failed and refused to pay monthly child support as he was obligated to do. She also alleged that defendant had failed and refused to pay the monthly sums of $450.00 to which he had agreed by the terms of the separation agreement incorporated in the divorce judgment.

On 23 October 1980, the court directed a show cause order to defendant. Pursuant to Rule 12(b)(1) of the Rules of Civil Procedure, defendant moved to dismiss the hearing on the order on the ground of lack of jurisdiction. Such motion was heard on 17 December 1980. The court overruled defendant's motion to dismiss. In an order dated 13 January 1981, the court found that subsequent to the entry of the order to show cause, defendant had paid plaintiff an amount equalling the arrearage owed for child support payments. The court found that defendant had failed, however, to pay amounts other than child support which were due under the separation agreement and judgment. The court concluded that the separation agreement had been effectively incorporated in the judgment of divorce, and therefore all of its terms were enforceable by contempt proceedings.

Based on its findings and conclusions, the court ordered defendant to pay plaintiff within thirty days the sum of $9,900.00 in arrearage for payments due other than child support. Failure of defendant to pay the arrearage within thirty days would constitute contempt for which defendant would be confined.

*Boyle, Alexander, Hord and Smith, by Robert C. Hord, Jr., for plaintiff appellee.*

*Cocke and McKinney, by William B. Cocke, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] The issue presented is whether the property settlement provisions of the separation agreement incorporated by reference in

the divorce decree are enforceable by contempt proceedings. We hold that they are and affirm that part of the order.

A separation agreement which is merely approved by the court does not assume the status of a judicial decree. It exists only as a contract between the parties, and is therefore not enforceable by contempt proceedings nor capable of modification except with the consent of both parties. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964).

A separation agreement, however, which is incorporated by reference into a judgment, becomes part of the judicial decree. In such a case, the court adopts the agreement of the parties as its own determination of the parties' rights and obligations. The terms of the separation agreement accordingly rest on both contract and a court order. *Id.* at 70, 136 S.E. 2d at 243.

The terms of the separation agreement in the present case were clearly incorporated into the divorce judgment of 22 November 1978. The court concluded that "the law permits the Separation Agreement between the parties to be made a part of the Judgment in this case. . . ." It ordered that the separation agreement be "incorporated by reference herein in this Judgment as a part of this ordering clause in the same manner and to the same extent as if set forth verbatim in this Judgment and is considered to be a condition of this Judgment." Therefore, all terms of the separation agreement entered into between plaintiff and defendant on 24 July 1978, became part of the court's judicial decree.

By incorporating the terms of a separation agreement in a divorce decree, the court facilitates enforcement of the separation agreement's terms. Courts, however, recognize some distinction between alimony provisions and property settlement provisions of an incorporated separation agreement. It is well established that the alimony provisions are enforceable by contempt. *Levitch v. Levitch,* 294 N.C. 437, 241 S.E. 2d 506 (1978); *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71 (1967). The court may also modify the incorporated alimony provisions if changed circumstances warrant. *Britt v. Britt,* 49 N.C. App. 463, 271 S.E. 2d 921 (1980). Determinations of property rights contained in an incorporated separation agreement, however, are beyond the power of the court to modify without the consent of both parties. *Holsomback v. Holsomback,* 273 N.C. 728, 161 S.E. 2d 99 (1968). Defendant

argues that because the court lacks jurisdiction to modify incorporated property settlements, it also lacks jurisdiction to enforce such terms by its contempt power.

Defendant bases his argument in part on language found in *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964). In that opinion, Justice Sharp stated, ". . . absent special circumstances, any judgment which awards alimony, notwithstanding it was entered by the consent of the parties, is enforceable by contempt proceedings should the husband wilfully fail to comply with its terms. If the judgment can be enforced by contempt, it may be modified and vice versa." 262 N.C. 67, 70, 136 S.E. 2d 240, 243 (1964). Defendant submits that the logical extension of the *Bunn* decision is that if a judgment cannot be modified, it cannot be enforced by contempt. Therefore, he argues, property settlement provisions of a separation agreement incorporated into a divorce decree which cannot be modified, cannot be enforced by contempt. We disagree with defendant's interpretation of *Bunn*. The phrase "vice versa" does not mean the negative of what was previously stated. "Vice versa" means "with the order changed." Webster's Third New International Dictionary 2549 (1968). In *Bunn*, the Court did not address the question presented by this case.

There is a rationale for applying the court's modification powers differently to a property settlement and an alimony award. A property settlement is a division of property and property interests. A judgment which determines property rights creates vested rights in the parties which cannot be divested. Alimony, however, is payment for the support of the defendant spouse. Alimony awards, therefore, must necessarily be capable of modification as the financial affairs of both parties change.

We see no rationale, however, for treating differently property and alimony provisions of an incorporated separation agreement as far as the court's contempt powers are concerned. Both provisions are part of the court order. In their pleadings, both parties joined in the prayer that the terms of the deed of separation be "made subject to the orders of this court." The court was not, of course, required to enter the judgment as requested. The court did, however, enter the judgment as prayed for, and it would demean the court to allow defendant to successfully argue that the court cannot enforce those portions of the decree that defendant might elect to ignore, whether they be for the payment

of alimony or other considerations that might have prompted the joint prayer for divorce and judicial settlement of the affairs arising out of the marriage the parties were asking the State to dissolve.

We dismiss defendant's argument that enforcement by contempt violates North Carolina's constitutional provision against imprisonment for a debt. N.C. Const. art. 1, § 28. The court is not imprisoning defendant for his inability to pay a debt for his wilful disobedience of the order he and his wife asked the court to enter.

[2] We agree with defendant, however, that the court did not make the necessary findings of fact to support its judgment of imprisonment upon defendant's failure to make payment within thirty days. A failure to obey a court order cannot be punished by contempt proceedings unless the disobedience is wilful. Thus, the court must find as a fact that defendant possessed the means to comply with the order of the court during the period when he is held to be in default. *Mauney v. Mauney*, 268 N.C. 254, 257, 150 S.E. 2d 391, 393 (1966).

In its order of 13 January 1981, the court made the following finding of fact: "The Defendant has failed to pay amounts due under the Separation Agreement and judgment other than child support, *but such failure is not wilful as of the date of this hearing.*" (Emphasis added). Before the court can order defendant imprisoned for nonpayment, it must make a specific finding that defendant had the ability to pay yet wilfully refused to do so. The order is, consequently, modified by striking that part ordering defendant's imprisonment in the event he should fail to pay the arrearage within 30 days of the order. In the event defendant has failed to comply with the order, the court may proceed in accordance with this opinion.

Modified and affirmed.

Judges ARNOLD and WEBB concur.