SANDRA S. HOLTHUSEN (Now BURR) v. GREGORY G. HOLTHUSEN

No. 8521DC396

(Filed 4 March 1986)

1. **Divorce and Alimony § 24.2— child support—court's adoption of parties' agreement—changed circumstances necessary for modification**

    When the court adopted the parties' agreement as to child support as its own determination of the amount of child support to be paid by defendant, this order of support became modifiable in the same manner as any other child support order, and the wife was thus required to show changed circumstances in order to obtain increased child support.

2. **Rules of Civil Procedure § 41— non-jury trial—motion for involuntary dismissal**

    Defendant's motion to dismiss at the close of plaintiff's evidence in a non-jury trial should be treated as an N.C.G.S. 1A-1, Rule 41(b) motion for involuntary dismissal rather than an N.C.G.S. 1A-1, Rule 50 motion for a directed verdict.

3. **Divorce and Alimony § 24.8— child support—insufficient evidence of changed circumstances**

    The trial court's findings of fact supported its conclusion that there had been no substantial change of circumstances affecting the welfare of a child which would warrant an increase in the amount of child support.

APPEAL by plaintiff from *Alexander, Judge.* Orders entered 17 January 1985 and 23 January 1985 in District Court, FORSYTH County. Heard in the Court of Appeals 24 October 1985.

*Peebles and Schramm by John J. Schramm, Jr., for plaintiff appellant.*

*Morrow & Reavis by John F. Morrow for defendant appellee.*

COZORT, Judge.

Plaintiff appeals the district court's denial of her motion in the cause for increase in child support. We affirm.

Plaintiff and defendant separated on 3 May 1980 and entered into a written separation agreement on 12 December 1980. They subsequently divorced on 3 May 1982 and both have remarried. One minor child remains, Ann Holthusen, born 11 November 1969.

The separation agreement places custody of all the children with the plaintiff and the only remaining minor child has been in plaintiff's custody and residing with her since the separation of the parties. The agreement further provides for the support and maintenance of the minor children. The defendant is currently supporting the only remaining minor child in accordance with the terms of the agreement.

On 5 November 1984 plaintiff served upon defendant a motion in the cause for increase in child support. In paragraph VI of the motion plaintiff states:

VI. Since the Separation Agreement was executed there *has occurred a substantial change in material circumstances which warrants an increase in child support.* The needs of the minor child have substantially increased and the Defendant has the ability and the capacity to meet the increased needs of the child. The Plaintiff's ability to provide support for the child has been substantially decreased.

The amount of child support provided for in the Separation Agreement is inadequate to meet the needs of the minor child and the child support provisions contained in the Separation Agreement do not adequately protect the interests of and provide for the welfare of the minor child. [Emphasis added.]

Defendant denied the material allegations of the motion and the matter came on for hearing before Judge Abner Alexander on 7 January 1985. After the close of plaintiff's evidence defendant moved for a dismissal, which the trial court granted. On 17 January 1985 the trial court entered a written order denying the motion for an increase in child support on the ground that "there has not been a substantial change in the needs of the minor child of the parties . . . ." Plaintiff took no exception to any of the findings of fact or the conclusion of law of the court's order. Rather, plaintiff has only excepted to entry of the order.

Plaintiff first argues that the trial "court err[ed] by compelling [her] to show a substantial change in circumstance subsequent to May 3, 1982 which warranted an increase in child support rather than requiring [her] to show the needs of the minor child at the time of hearing and the defendant's ability to meet those needs." This argument is apparently based upon plaintiff's contention that "[t]he Separation Agreement which was incorporated into the absolute divorce judgment is nothing more than a contract between the parties and is not enforceable by or through the contempt powers of the Court nor is the Agreement modifiable without the consent of the parties."

In her absolute divorce complaint plaintiff prayed that the separation agreement be incorporated in the divorce judgment. In its absolute divorce judgment of 3 May 1982 the court "ordered, adjudged and decreed" that "[t]he terms of the separation agreement and property settlement executed by the parties on December 12, 1980, are hereby incorporated into this judgment by reference as if fully set forth herein, and attached to this judgment as Exhibit A." Plaintiff is correct that since the judgment incorporating the separation agreement in this case was entered prior to the decision in *Walters v. Walters*, the rule of the *Walters* case does not apply. 307 N.C. 381, 386, 298 S.E. 2d 338, 342 (1983). In *Walters* our Supreme Court established a rule that

> whenever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case.

*Id.* Under this rule "every court approved separation agreement is considered to be part of a court ordered consent judgment." *Id.*

[1] While the rule in *Walters* does not apply in this case, the language used by the court in its absolute divorce judgment, incorporating the separation agreement into the judgment, is sufficient under the law as it existed prior to *Walters* to evidence the

court's intent to make the parties' separation agreement its own determination of their respective rights and obligations. *See Levitch v. Levitch*, 294 N.C. 437, 241 S.E. 2d 506 (1978). Thus, when the court adopted the parties' agreement as to child support as its own determination of the amount of child support to be paid by defendant, this order of support became modifiable in the same manner as any other child support order. Under G.S. 50-13.7 (a) "[a]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."

Even if there had been no prior order of support in this case, plaintiff would still have had to show a change of circumstances:

> [W]here parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable. We further hold that the court upon motion for an increase in such allowance, is not warranted in ordering an increase in the absence of any evidence of a change in conditions or of the need for such increase . . . .

*Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E. 2d 487, 491 (1963). This assignment of error is without merit.

Next we consider plaintiff's assignment of error that the trial court erred in granting defendant's motion to dismiss at the close of plaintiff's evidence.

[2] Plaintiff argues that (1) defendant's motion to dismiss can only be treated as a G.S. 1A-1, Rule 50 motion, and (2) in passing on such a motion, the trial court must determine whether the evidence, taken in the light most favorable to the party offering the same, is sufficient to withstand a motion to dismiss. While plaintiff has correctly summarized the legal standard for judging a Rule 50 motion for a directed verdict, her argument that the motion was a Rule 50 motion is incorrect. Rule 50 motions apply only to issues tried by a jury, not a judge. *Tanglewood Land Co., Inc. v. Wood*, 40 N.C. App. 133, 252 S.E. 2d 546 (1979). Defendant's motion should be treated as a G.S. 1A-1, Rule 41(b) motion for involuntary dismissal. *Id.* Since the court will determine the facts

anyway, the function of a judge on a motion to dismiss under G.S. 1A-1, Rule 41(b) is to evaluate the evidence without any limitations as to inferences in favor of the plaintiff. *Rogers v. City of Asheville*, 14 N.C. App. 514, 188 S.E. 2d 656 (1972).

[3]   Plaintiff, as the movant, had the burden of proving that a substantial material change of circumstances affecting the welfare of the child has occurred. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974). The trial court found and concluded that "there has not been a substantial change in the needs of the minor child . . . ." While plaintiff excepted to the granting of the motion to dismiss she has not excepted to any of the findings of fact or the conclusion of law. Where appellant has taken no exceptions "to the findings of fact, the only question present for review is whether the findings support the conclusions of law, and it is not incumbent upon this Court to search the record in order to determine whether the findings of fact are supported by competent evidence." *In re Pierce*, 67 N.C. App. 257, 259, 312 S.E. 2d 900, 902 (1984). The findings support the conclusion. This assignment of error is overruled.

Plaintiff has set forth neither argument nor cited authority in support of her assignment of error concerning the trial court's denial of her motion for attorney's fees. Thus, plaintiff has abandoned this assignment of error. Rule 28(b)(5), N.C. Rules App. Proc.

We have reviewed plaintiff's remaining assignment of error and find it to be without merit. The order of the trial court denying plaintiff's motion for increase in child support and plaintiff's motion for attorney's fees are

Affirmed.

Judges WHICHARD and EAGLES concur.