CHARLOTTE CROWE FERREE v. FRANK E. FERREE

No. 8428DC21

(Filed 18 December 1984)

1. **Divorce and Alimony § 21.6— enforcement of separation agreement by contempt**

    In a judgment entered prior to the decision in *Walters v. Walters*, 307 N.C. 381, the court should not have ruled that it could not use its contempt power to enforce a Deed of Separation on the grounds that the Deed of Separation had been merely approved by the trial court. Since defendant did not file an answer or appear at the granting of the divorce, the inclusion of the Deed of Separation in the judgment was an issue to be determined by the court, and the language of the court's order made it clear that the Deed of Separation was part of the order and could be enforced by the contempt power of the court.

2. **Divorce and Alimony § 21.6— separation agreement adopted by court—enforceable by contempt**

    The court erred in finding that there was an adequate remedy at law for the specific performance of a separation agreement and that defendant was en-

titled to a jury trial on the issue of mutual mistake of fact because the trial court had adopted the agreement in its judgment for divorce. The contractual character of the agreement was subsumed into the judgment, which was *res judicata* to the issues decided therein.

APPEAL by plaintiff from *Roda, Judge.* Judgment entered 11 April 1983 in District Court, BUNCOMBE County. Heard in the Court of Appeals 23 October 1984.

This is a civil action in which plaintiff, Charlotte Crowe Ferree, seeks to enforce by the contempt power of the court a "Deed of Separation" that was allegedly made a part of a judgment for absolute divorce.

Plaintiff and defendant, Frank E. Ferree, plaintiff's former husband, entered into a "Deed of Separation" on 29 May 1979. By the terms of the Deed of Separation, it is a separation agreement under which defendant would make payments on an indebtedness secured by the home and lands of the parties. The agreement further provided that upon payment of the outstanding indebtedness, the parties would sell the property and divide the proceeds.

The terms of the separation agreement also provide that "this agreement and settlement shall be incorporated in the final decree and become a part thereof."

Plaintiff filed for divorce on 3 November 1980. In her complaint, plaintiff prayed that the "Deed of Separation of 29 May 1979" be "made a part of the divorce judgment, incorporated therein and become a part thereof." Defendant made no answer to plaintiff's complaint and did not appear in court at the granting of the divorce.

On 18 February 1980, the Honorable Earl J. Fowler, Jr., Judge, entered an order granting plaintiff's request for absolute divorce. The order contained findings of fact and conclusions of law and ordered that "the Deed of Separation dated 29 May 1979, and entered into by plaintiff and defendant, is incorporated herein by reference, attached hereto and made a part of this Judgment as if more fully set forth herein."

Defendant later defaulted in the payments required by the agreement and refused to sell the property.

Plaintiff obtained a citation for contempt on 14 January 1983. Defendant made the payments required by the agreement prior to the hearing on the contempt citation but still refused to sell the joint property.

At the hearing, defendant alleged:

1. That he was entitled to a jury trial on the issue of whether or not the separation agreement was entered into as a result of mutual mistake of fact as to ownership of the property;

2. That an adequate remedy at law and equity existed for a specific performance of the separation agreement and therefore such an action should be pursued rather than in this cause; and

3. That contempt was not an appropriate remedy because the Court had only approved the Separation Agreement, not made it a part of the judgment.

On 11 April 1983, the trial court declined to find defendant in contempt, saying that the divorce judgment did not adopt the separation agreement but merely approved the agreement. The trial court also entered judgment in favor of defendant's remaining tendered issues as well. Plaintiff appeals.

*Riddle, Shackelford & Hyler, by John E. Shackelford, for plaintiff-appellant.*

*James H. Toms, for defendant-appellee.*

EAGLES, Judge.

I

Plaintiff first assigns as error that the trial court erred when it refused to enforce the Deed of Separation under its contempt power. We agree that there is error.

It is now the law in this state that all separation agreements approved by the court as judgments of the court will be treated as court ordered judgments. These court ordered separation agreements are modifiable and enforceable by the contempt powers of the court in the same manner as any other judgment in a domestic relations case. *Walters v. Walters*, 307 N.C. 381, 298 S.E. 2d 338 (1983). However, judgment here was entered prior to the Supreme Court's determination of *Walters*, and the rule in *Walters* is prospective only. *Id.* at 386, 298 S.E. 2d at 342.

For this reason, defendant argues that prior to *Walters* our appellate courts had consistently held that separation agreements entered into by the parties prior to a divorce judgment that were merely "approved" by the court, could not be enforced by the court's contempt power. See, *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118 (1956); *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118 (1946); *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529 (1944); and *Mitchell v. Mitchell,* 270 N.C. 253, 154 S.E. 2d 71 (1967). These decisions held that consent judgments involving separation agreements were of two kinds. In one, the court merely approves or sanctions the terms of a separation agreement and in the other, the court adopts the agreement of the parties as its own determination of the respective rights and obligations of the parties and orders the terms of the separation agreement be performed. A contract approval of the first type is enforceable only as an ordinary contract and not by contempt. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240 (1964). These cases appear to apply only to consent judgments.

[1] We note that the divorce judgment in the instant case is not a consent judgment. While it is true that the parties agreed in the Deed of Separation that it would be a part of the judgment and plaintiff sought in her complaint for divorce to make it a part of the judgment, defendant filed no answer and did not appear at the granting of the divorce. Therefore, the determination of whether the Deed of Separation would be included in the judgment was an issue to be decided by the court. The trial court incorporated the Deed of Separation and ordered that "it be made a part of the judgment as if fully set forth herein." A judgment of this type is controlled by *Levitch v. Levitch,* 294 N.C. 437, 241 S.E. 2d 506 (1978) (criticized on other grounds in *Walters* supra). The *Levitch* case involved payment of alimony but is pertinent here in light of the Supreme Court's reasoning:

> In the instant case, the Court expressly stated that it ORDERED, ADJUDGED and DECREED that the Separation Agreement heretofore entered into by the parties . . . be . . . incorporated by reference in this Judgment. Defendant contends that since the court failed to expressly state that the alimony provided for in the agreement was ordered to be paid, this was a mere approval of the agreement, rather than an adoption of it into the judgment. The incorporation

language here, however, appears sufficiently compelling to indicate an intent on the part of the court to order payment of the alimony. Indeed, in the usual case in which we have found approval rather than adoption, the Court has stated merely that the agreement was approved, reviewed the subject matter of the agreement in narrative form without further order, or expressly excluded the agreement from any prejudice under the terms of the judgment. [Citations omitted.]

Id. at 439, 241 S.E. 2d at 507.

Prior to *Walters v. Walters*, supra, it might have been argued that mere incorporation by reference is insufficient to indicate adoption of the agreement, *Williford v. Williford*, 10 N.C. App. 451, 179 S.E. 2d 114, *cert. denied* 278 N.C. 301, 180 S.E. 2d 177 (1971). However, this court noted from a related case that the trial court in *Williford* incorporated the separation agreement into the judgment pursuant to a provision in a paragraph of the separation agreement. *Williford v. Williford*, 10 N.C. App. 529, 530, 179 S.E. 2d 113, 116, *cert. denied* 278 N.C. 301, 180 S.E. 2d 178 (1971). That is not the situation presented here.

In the present case the trial court specifically ordered that the Deed of Separation be incorporated by reference with no mention of any reason for the incorporation other than the facts that plaintiff in her complaint sought incorporation of the agreement and that defendant made no answer. The language of the order is clear that the Deed of Separation is part of the order and could be enforced by the contempt power of the court.

When defendant willfully refused to obey the judgment of divorce which ordered him to sell the property described in the Deed of Separation, he properly could have been held in civil contempt pursuant to G.S. 5A-21. The purpose of the contempt power is not to punish; rather, its purpose is to use the court's power to compel defendant to comply with an order of the court. *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980).

Since the Deed of Separation here was made a part of the judgment for divorce and was not merely approved by the judgment, the trial court was in error when it determined that it could not use its contempt power to enforce the terms of the Deed of Separation.

## II

[2] Plaintiff also assigns as error the trial court's determination that an adequate remedy at law and equity existed for specific performance of the separation agreement and that defendant was entitled to a jury trial on the issue of mutual mistake of fact with reference to the real property in the separation agreement. We agree that there was error.

Once a court adopts the agreement of the parties and sets it forth as a judgment of the court with appropriate ordering language and the signature of the Court, the contractual character of the agreement is subsumed into the court ordered judgment. *Henderson v. Henderson*, 307 N.C. 401, 298 S.E. 2d 345 (1983); *McRary v. McRary*, 228 N.C. 714, 47 S.E. 2d 27 (1948). At that point the court and the parties are no longer dealing with a mere contract between the parties. "Should it be the sole intention of the parties to contract between themselves and to rely solely on contract law for their rights and remedies under the agreement, they must make that decision *prior* to invoking the court's power to adjudicate their rights and order performance." 307 N.C. at 407-8 n. 1 (1983). [Emphasis added.]

As applied to the instant case, the parties did enter into an agreement that could have been enforced under contract law subject to all available defenses including mutual mistake of fact, if appropriate. However, plaintiff sought to have this agreement made part of a judgment for divorce. Defendant could have responded, but apparently chose not to. Judge Fowler, acting on plaintiff's request alone, made the agreement part of the judgment for divorce. As such, it is *res judicata* to the issues decided therein.

For these reasons, we reverse the judgment of the trial court and remand for a determination of whether defendant is in contempt for willfully refusing to sell the real property and divide the proceeds of the sale with plaintiff as ordered by the District Court of Buncombe County in its judgment of divorce filed 18 February 1980.

Reversed and remanded.

Judges VAUGHN and BRASWELL concur.