PATRICK CANAVAN *vs.* CIVIL SERVICE COMMISSION & another.[1] No. 02-P-679. January 22, 2004. *Civil Service,* Police, Termination of employment, Applicability of provisions, Decision of Civil Service Commission, Judicial review. *Administrative Law,* Judicial review.

Patrick Canavan, a former Boston municipal police department (MPD) officer, was terminated from employment. Through his union, he arbitrated the propriety of the termination under the terms of an applicable collective bargaining agreement, and he lost. He thereafter appealed his termination to the Civil Service Commission (commission), which dismissed his appeal pursuant to G. L. c. 31, § 42, because he had filed a grievance for binding arbitration under the agreement, and an arbitrator had conducted a hearing and rendered a decision. On Canavan's timely request for review in the Superior Court, G. L. c. 31, § 44, and G. L. c. 30A, § 14, the city of Boston (city) was permitted to intervene. A judge of that court granted Canavan's motion for judgment on the pleadings, ruling that the commission erred as matter of law (1) in concluding that Canavan had elected his remedies within the meaning of G. L. c. 150E, § 8, and G. L. c. 31, § 42, and (2) in determining that the appeal was untimely. Judgment entered remanding the matter to the commission for further proceedings on the merits of the appeal. The city appeals; the commission does not. We reverse the judgment and order entry of a new judgment affirming the commission's dismissal of Canavan's appeal.

1. *The city's appeal.* Because the commission has not rendered a final decision regarding the merits of Canavan's appeal of his discharge, the proceeding in this court may be dismissed as interlocutory in nature. *Kelly* v. *Civil Serv. Commn.,* 427 Mass. 75, 76 n.2 (1998); *Lincoln* v. *Personnel Administrator of the Dept. of Personnel Admn.,* 432 Mass. 208, 210 (2000). Where, as here, however, the issues have been fully briefed, and the controversy may be resolved by this court on the record, we may, and in this instance do, exercise our discretion to entertain the appeal. *McCarthy* v. *Civil Serv. Commn.,* 32 Mass. App. Ct. 166, 169 n.5 (1992).

2. *Background.* Canavan held two positions with the MPD from 1985 through May 20, 1999. When he received a suspension notice dated May 11, 1999, it contained the following ambiguous comment: "[T]he [MPD] has recently applied for permanent civil service status for the Municipal Police under Section 282 of the Acts of 1998.[2] Therefore, *pending the approval of the Civil Service Commission,* I am enclosing copies of MGL, Ch. 31, Sec-

---

[1]City of Boston, intervener.

[2]The reference should have been to "chapter" 282.

tions 41 through 45, which outlines your rights as a civil service employee."[3] (Emphasis added.) On May 20, 1999, an officer of the MPD informed Canavan of his termination by letter which stated in relevant part, "I am enclosing copies of 'MGL Chapter 31 Sections 41 through 45', which outlines your rights as a Civil Service employee."[4] Canavan's collective bargaining representative filed his grievance with the city on or about May 20, 1999, and a hearing was held before an arbitrator on November 22 and December 21, 1999. On March 11, 2000, the arbitration was decided in the city's favor. On April 18, 2000, Canavan filed an appeal of his termination with the commission.

3. *Discussion.* The judge ruled that, at the time Canavan commenced his arbitration, it was his sole remedy; that he did not then have available an appeal to the commission; and that, accordingly, he could not be held to have *elected* arbitration in lieu of an appeal.[5] That ruling was incorrect. On August 10, 1998, the Legislature enacted St. 1998, c. 282, entitled "An Act Certifying Provisional Employees and Provisional Promotees within the City of Boston As Permanent Employees," stating:

> "Notwithstanding the provisions of any general or special law to the contrary, the personnel administrator shall certify any active employee who served in a civil service position in the city of Boston as a provisional or provisional promotion employee for a period of at least six months immediately prior to January 1, 1998, to permanent civil service status in that position."

This statute became effective as of November 10, 1998, well before Canavan's termination.

While the city and Canavan appear to agree with the judge that Canavan did not have civil service status at the time of his termination, and that the status was not obtained until December 24, 1999 (when the Commonwealth's human resources division [HRD] notified the commission that MPD officers were "subject to civil service law"), nothing in the record seems to require

---

[3] The referenced copies were attached.

[4] The judge found that Canavan, at the time of his termination, was informed by an MPD sergeant "that Canavan did not have any Civil Service rights at that time." The finding was clearly erroneous. There is no competent evidence in the administrative record that the sergeant told Canavan that he had no civil service rights.

[5] In pertinent part, G. L. c. 150E, § 8, reads as follows:

> "The parties may include in any written agreement a grievance procedure culminating in final and binding arbitration to be invoked in the event of any dispute concerning the interpretation or application of such written agreement. . . . [A]ny such grievance procedure shall, wherever applicable, be exclusive and . . . shall be enforceable under the provisions of chapter one hundred and fifty C and shall, where such arbitration is elected by the employee as the method of grievance resolution, be the exclusive procedure for resolving any such grievance involving suspension, dismissal, removal or termination . . . ."

that conclusion. Indeed, in light of G. L. c. 31, §§ 48 and 51,[6] and in the absence of any law to the contrary, it appears as matter of law that St. 1998, c. 282, effectively conveyed permanent civil service status on MPD officers such as Canavan long before Canavan's termination in May of 1999, and that, regardless whether these officers' positions had yet to be made the subject of mandatory ministerial classification by HRD, Canavan could have pursued the civil service remedy regarding his termination at the time of his discharge.

Canavan and his representatives, commencing legal proceedings in an employment termination matter, are held to notice of applicable law, and despite any ambiguity, there is no legal basis apparent from this record to excuse Canavan from being held to election of remedies in May of 1999 and thereafter. Canavan had civil service status effectively conferred upon him long before his termination. It was error for the judge to rule that his civil service status was only achieved after the commencement of the arbitration, but before the arbitration decision was rendered.

The commission properly dismissed Canavan's appeal. The Superior Court judgment is reversed, and a new judgment shall enter affirming the commission's dismissal of Canavan's appeal.

*So ordered.*

*Robert J. Boyle, Jr.*, for city of Boston.
*Scott A. Lathrop* for the plaintiff.

---

[6]In pertinent part, G. L. c. 31, § 48, reads as follows:

"Offices and positions in the service of cities and towns shall be subject to the civil service law and rules as provided by sections fifty-one, fifty-two, and fifty-three[,]"

and in pertinent part, G. L. c. 31, § 51, reads:

"All positions in all cities shall be subject to the civil service law and rules except as provided by section forty-eight or other law and except that, in cities with less than one hundred thousand residents, positions which would fall within the labor service shall not be so subject unless the city council votes to accept the applicability of the civil service law and rules to the labor service."

