HARALD IBELE, Plaintiff v. EVERETTE TATE d/b/a THAT'S WRIGHT AVIATION and CAROLINA AERO SERVICES, L.L.C., Defendants

No. COA03-789

(Filed 20 April 2004)

**Contempt— enforcement of settlement agreement—inherent powers of court—invocation by parties**

The trial court correctly denied a motion to find defendant in contempt under a settlement agreement which stated that it would be enforceable by the contempt powers of the court. The consent order merely recited the settlement agreement, contained no findings or conclusions, and does not represent an adjudication of the parties' respective rights. Contempt is an inherent power of the court which the parties cannot grant or accept; the proper avenues for enforcement include an action for breach of contract, a motion in the cause, and an independent action for a declaratory judgment.

Appeal by plaintiff from order filed 27 February 2003 by Judge Clarence E. Horton, Jr. in Union County Superior Court. Heard in the Court of Appeals 17 March 2004.

*Harrington Law Firm, by James J. Harrington, for plaintiff-appellant.*

*James, McElroy & Diehl, P.A., by Richard S. Wright, for defendant-appellees.*

BRYANT, Judge.

Harald Ibele (plaintiff)[1] appeals an order filed 27 February 2003 denying his motion to find Everette Tate d/b/a That's Wright Aviation and Carolina Aero Service, L.L.C. (collectively defendants) in contempt.

In a complaint dated 7 May 2001, plaintiff initiated a lawsuit against defendants for breach of contract and unfair and deceptive practices arising out of defendants' attempt to repair plaintiff's airplane. Following the parties' participation in a mediated settlement conference, a consent order, signed by the trial court and the parties, was entered. In reflecting the parties' agreement, the consent order stated:

1. . . . . Defendant(s) shall pay . . . [p]laintiff the sum of $5,000.00, and . . . [p]laintiff shall file or cause to be filed a voluntary dismissal with prejudice.

2. The aforementioned $5,000.00 shall be paid within 120 days of May 1, 2002 unless sooner paid by . . . [d]efendant(s), and shall be paid in four equal monthly installments commencing May of 2002.

3. Upon 48 hours notice to . . . [d]efendant(s) or defense counsel by [p]laintiff or his attorney, employees of . . . [d]efendant(s) shall collect and assist [p]laintiff in loading the disputed 1958 Cessna 175 airplane, two fuselages, and related parts for removal from [d]efendant(s)' premises. Plaintiff shall be entitled to retain and dispose of the disputed 1958 Cessna 175 airplane, two fuselages, and related parts as he sees fit.

. . . .

5. Plaintiff's voluntary dismissal with prejudice shall be filed within seven days of the entry of this Order.

. . . .

7. This Order shall be enforceable by the contempt powers of this Court.

A stipulation of dismissal with prejudice dated 30 May 2002 was thereafter filed by the parties. In January 2003, plaintiff filed a motion for contempt alleging defendants had failed to meet all the require-

---

1. The judgment appealed from lists plaintiff as Harald Ibele. We note, however, that other orders contained in the record state plaintiff's name as Harold Ibele.

ments of the consent order. On 27 February 2003, the trial court entered an order denying plaintiff's motion for contempt on the basis that "the parties voluntarily dismissed all of their claims with prejudice pursuant to a stipulation of dismissal entered June 13, 2002."

The dispositive issue on appeal is whether the consent order was subject to the contempt powers of the court.

Plaintiff argues on appeal that the trial court erred in denying his motion for contempt based on the court's reasoning that the parties' voluntary dismissal ended all claims between the parties. Because we hold that the consent order was not enforceable by contempt, we need not address this issue.

With respect to non-domestic causes of actions, this Court has held: .

> A consent judgment is the contract of the parties entered upon the record with the sanction of the court. Thus, it is both an order of the court and a contract between the parties. If a consent judgment is merely a recital of the parties' agreement and not an adjudication of rights, it is not enforceable through the contempt powers of the court, but only through a breach of contract action.

*Potter v. Hilemn Labs., Inc.*, 150 N.C. App. 326, 334, 564 S.E.2d 259, 265 (2002) (citing *Nohejl v. First Homes of Craven County, Inc.*, 120 N.C. App. 188, 190, 461 S.E.2d 10, 12 (1995) and *Crane v. Green*, 114 N.C. App. 105, 106, 441 S.E.2d 144, 144-45 (1994)); *see also Walton v. City of Raleigh*, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996) ("[a] consent judgment is a court-approved contract"); *In re Will of Smith*, 249 N.C. 563, 568-69, 107 S.E.2d 89, 93-94 (1959) (a consent judgment is nothing more than a contract between the parties, and "[a] breach of contract is not punishable for contempt").

In this case, the consent order contains no findings of fact or conclusions of law by the trial court and does therefore not represent an adjudication of the parties' respective rights. Instead, the trial court merely recited the parties' settlement agreement. As a result, the consent order "is not enforceable through the contempt powers of the court."[2] *Potter*, 150 N.C. App. at 334, 564 S.E.2d at 265.

We next address whether, in an attempt to overcome the general law on consent orders, the parties could contract to be bound by the

---

2. We note that the outcome of this analysis would differ if the trial court had made findings of fact and conclusions of law, thereby adjudicating the parties' rights.

contempt powers of the court, as paragraph seven of the consent order specifically provided for enforcement by contempt. Our Supreme Court has stated that a court's authority to hold a party in contempt is part of the inherent powers of the court, *see In re Alamance County Court Facilities*, 329 N.C. 84, 94, 405 S.E.2d 125, 129 (1991) ("[t]his Court has upheld the application of the inherent powers doctrine to a wide range of circumstances, from dealing with its attorneys, to punishing a party for contempt") (citations omitted), and "the exercise of inherent power by courts of this state has been limited to matters discretely within the judicial branch," *id.* Moreover, "[t]he purpose of the contempt power . . . is to use the *court's* power to compel [a] defendant to comply with an *order of the court*." *Ferree v. Ferree*, 71 N.C. App. 737, 741, 323 S.E.2d 52, 55 (1984) (emphasis added). As the consent order in this case essentially represents a contract between the parties, the court has no authority to exercise its inherent contempt power, and the parties have no right to grant or accept a power held only by the judiciary, which includes the potential for imprisonment. *See id.*; *see also, e.g.*, N.C.G.S. § 5A-11(a)(3), -21(b) (2003) (allowing for the possible application of criminal contempt or civil contempt coupled with imprisonment to the facts of this case).

Accordingly, the trial court did not err in denying plaintiff's motion for contempt. Proper avenues for enforcement of the consent order entered by the parties include: (1) an action for breach of contract, (2) a motion in the cause to seek specific performance of the consent order, and (3) an independent action for a declaratory judgment on the parties' contract embodied in the consent order. *See Hemric v. Groce*, 154 N.C. App. 393, 397-98, 572 S.E.2d 254, 257 (2002).

Affirmed.

Judges McCULLOUGH and ELMORE concur.