GENE H. CARSWELL, Plaintiff v. HENDERSONVILLE COUNTRY CLUB, INC., A North Carolina Corporation, Defendant

No. COA04-691

(Filed 15 March 2005)

**1. Corporations; Costs— attorney fees—access to corporate records—no court order**

Plaintiff shareholder was not entitled to an award of attorney fees under N.C.G.S. § 55-16-04(c) where there was no court order enforcing plaintiff's statutory right to inspection and copying of defendant's corporate records at defendant's expense. The parties had signed a consent order that plaintiff would have access,

but that order contained no findings or conclusions and was not an adjudication of rights.

### 2. Costs— attorney fees—authority to award—consent order

A provision in a consent order giving the court the authority to award attorney fees in a dispute over access to corporate records was not valid in the absence of statutory authority.

### 3. Judgments— findings—bench trial—consent order—subsequent petition for attorney fees

The trial court did not err by failing to enter findings pursuant to N.C.G.S. § 1A-1, Rule 52(a)(1) in ruling on a petition for attorney fees. That rule applies only to "actions" tried before the trial court without a jury; here, the action had been addressed in a consent order.

Appeal by plaintiff from order entered 20 January 2004 by Judge James L. Baker, Jr. in Henderson County Superior Court. Heard in the Court of Appeals 31 January 2005.

*Law Offices of William M. Alexander, Jr., PLLC, by William M. Alexander, Jr., for plaintiff-appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Stephen J. Grabenstein, for defendant-appellee.*

ELMORE, Judge.

Gene H. Carswell (plaintiff) is a shareholder of Hendersonville Country Club, Inc. (defendant) and was elected as a director in August 1999. On 7 December 2001 plaintiff made a request in writing to defendant that he be allowed to review and copy certain documents, including a shareholder list. On 14 January 2002 defendant provided plaintiff access to the minutes of board meetings and other corporate documents at the Club's management office. While copying these documents, plaintiff inquired about obtaining shareholder personal information. When defendant's staff advised plaintiff that his inquiry would be considered by management, plaintiff left the office without completing the document review he had requested.

On 1 February 2002 plaintiff's attorney, Mr. Timothy Cosgrove, demanded that defendant provide plaintiff with a list of names and home addresses of all shareholders; stock transfer records; tax returns over the past five years; and the name of defendant's 401K

administrator. Plaintiff then corresponded directly with the President of defendant's Board of Directors, Mr. John Gould. On 13 March 2002 defendant informed plaintiff that it had already made available for plaintiff's review the tax returns, stock transfer records, accounting records, minutes of director and shareholder meetings, and a list of shareholder names. Defendant indicated that its concern for shareholder privacy prompted the decision to withhold shareholder home addresses and phone numbers.

Despite being provided access to defendant's records, on 26 March 2002, plaintiff filed an application in Henderson County Superior Court for inspection of business records pursuant to N.C. Gen. Stat. § 55-16-01 *et. seq.* In response to plaintiff's conduct, defendant suspended plaintiff's membership with the Club effective 2 April 2002. Defendant then filed a motion to dismiss plaintiff's complaint, but the parties subsequently entered into settlement negotiations. The parties and their attorneys signed a consent order and voluntary dismissal with prejudice of plaintiff's action; the order was approved by Judge Zoro J. Guice on 2 July 2002. The parties agreed that plaintiff "shall have full and ongoing access to all records of the Club, and at Plaintiff's expense may copy same, during normal business hours of the Club's office . . . ." Plaintiff was granted permission to copy shareholder addresses and telephone numbers and any other documents "that Plaintiff believes necessary to fulfill his duties as director during his term or to which he is entitled to as a stockholder." The order also provided that plaintiff was reinstated as a Club member, canceling his suspension. With respect to the issue of attorneys' fees, the order stated the following:

> 6. The parties agree to submit to this court for decision by Brief and stipulated facts (if the parties cannot stipulate as to facts then by affidavit proposed by each of the parties) without request for oral argument their respective requests for the award of attorneys fees in this matter. This court shall retain jurisdiction in this matter to enforce the terms and conditions by which the parties have agreed and consented to the entry of this Order as set out herein.

In accordance with the terms of the consent order, both parties submitted affidavits setting out their requests for attorneys' fees. Judge Baker ruled on the requests and mailed a copy of his order along with a letter to the parties addressing their entitlement to attorneys' fees. In this letter, Judge Baker observed that almost every single assertion by one side was contested by the opposing party. In the order, he

determined that each party should bear its own costs and expenses and denied the requests for attorneys' fees. From this order entered 20 January 2004, plaintiff appeals.

[1] Plaintiff contends that an award of attorneys' fees was mandated under N.C. Gen. Stat. § 55-16-04. We disagree. Our General Statutes permit a shareholder who properly demands and is denied access to corporate records to apply for court-ordered inspection and copying of the requested documents at the corporation's expense. *See* N.C. Gen. Stat. § 55-16-04(a) and (b). The statute further provides that

> If the court orders inspection and copying of the records demanded, it shall also order the corporation to pay the share-holder's costs (including reasonable attorneys' fees) incurred to obtain the order unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded.

N.C. Gen. Stat. § 55-16-04(c) (2003). Thus, the language of the statute is clear that attorneys' fees may only be awarded following a court order requiring the corporation to allow inspection and copying of the records demanded by the shareholder. Here, the court did not enter an order to this effect. Rather, the parties agreed that plaintiff would have ongoing access to defendant's records and signed a consent order which was approved by the court. This consent order is not an adjudication of rights in favor of plaintiff because it contains no findings of fact or conclusions of law by the trial court. *See Ibele v. Tate*, 163 N.C. App. 779, 781, 594 S.E.2d 793, 795 (2004) (consent judgment which contains no findings or conclusions is merely recital of parties' agreement; not an adjudication of rights); *Crane v. Green*, 114 N.C. App. 105, 106, 441 S.E.2d 144, 144-45 (1994) (with the exception of domestic relations cases, a consent judgment is merely a *court-approved contract without a judicial determination*). As there was no court order enforcing plaintiff's statutory right to inspection and copying of defendant's corporate records at defendant's expense, plaintiff was not entitled to an award of attorneys' fees under N.C. Gen. Stat. § 55-16-04(c).

[2] Next, plaintiff argues that Paragraph 6 of the consent order provides the court with authority to award attorneys' fees. However, "[a]s a general rule contractual provisions for attorney's fees are invalid in the absence of statutory authority." *Forsyth Municipal ABC Board v. Folds*, 117 N.C. App. 232, 238, 450 S.E.2d 498, 502

**CARSWELL v. HENDERSONVILLE COUNTRY CLUB, INC.**

[169 N.C. App. 227 (2005)]

(1994) (citing *Enterprises, Inc. v. Equipment, Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814-15 (1980)). The only exception recognized by our Supreme Court deals with contractual provisions for attorneys' fees contained in separation agreements. *See Bromhal v. Stott*, 341 N.C. 702, 462 S.E.2d 219 (1995). Thus, even though the consent order contained an express provision permitting the parties to seek recovery of attorneys' fees, neither party is entitled to an award of fees absent statutory authority. *See Harborgate Prop. Owners Ass'n v. Mountain Lake Shores Dev. Corp.*, 145 N.C. App. 290, 297-98, 551 S.E.2d 207, 212 (2001) (provision in consent judgment for attorneys' fees invalid in absence of statutory authority), *disc. review denied*, 356 N.C. 301, 570 S.E.2d 506 (2002); *see also Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.*, 143 N.C. App. 1, 11-12, 545 S.E.2d 745, 752 (contractual provision notwithstanding, parties could not recover attorneys' fees without express statutory authority), *aff'd*, 354 N.C. 565, 556 S.E.2d 293 (2001). As the court properly denied the requests of both parties, plaintiff's argument is overruled.

[3] Finally, plaintiff argues that the trial court erred in failing to enter findings pursuant to N.C. Gen. Stat. § 1A-1, Rule 52(a)(1). We disagree. Rule 52(a)(1) of the North Carolina Rules of Civil Procedure applies only to "actions" tried before the trial court without a jury. *See* N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2003); *Tay v. Flaherty*, 100 N.C. App. 51, 55, 394 S.E.2d 217, 219 (Rule 52(a)(1) inapplicable to hearing on petition for attorneys' fees because an "action" was already in existence; petition must be characterized as motion for court order pursuant to Rule 7(b)(1)), *disc. review denied*, 327 N.C. 643, 399 S.E.2d 132 (1990). Here, the parties filed petitions for attorneys' fees and sought an order of the court; plaintiff's action had already been addressed in the consent order. Therefore, Rule 52(a)(1) does not apply to the court's order denying the petitions for an award of attorneys' fees.

We hold that the trial court properly denied both parties' requests for attorneys' fees and affirm the court's order directing each party to pay its own costs and expenses.

Affirmed.

Chief Judge MARTIN and Judge McCULLOUGH concur.