Gerald **WILCHER**, Appellant,

v.

**INTERNATIONAL ENVIRONMENTAL TECHNOLOGIES, INC.; and International Water Technology, Inc.**, Appellees.

No. 2004–CA–000828–MR.

Court of Appeals of Kentucky.

July 8, 2005.

Richard Clay, Danville, KY, for appellant.

William L. Stevens, Danville, KY, for appellees.

Before TACKETT and VANMETER, Judges; MILLER, Senior Judge.[1]

## OPINION

VANMETER, Judge.

Under KRS 271B.16–010, *et seq.*, a corporate shareholder has the right to inspect certain corporate records, and if a corporation refuses to permit inspection, the circuit court may summarily order inspection and award costs and reasonable attorney fees. The issue we must resolve is whether the filing of an action for inspection, resulting in the issuance of order of inspection, mandates the award of attorney fees under KRS 271B.16–040(3). As we hold that it does not, we affirm the order of the Boyle Circuit Court.

Gerald Wilcher was a shareholder in two corporations, International Environmental Technologies, Inc. and International Water Technology, Inc.[2] On May 23, 2002, Wilcher made a request to examine certain corporate records. Wilcher and the corporations agreed on a production date of May 28, 2002 for a portion of the records, and an additional date was set for approximately a week later. However, apparently unsatisfied with the progress of the production, on June 6 Wilcher filed an action pursuant to KRS 271B.16–040(2) requesting the Boyle Circuit Court to order an inspection.

On July 12, 2002, the trial court conducted a hearing at which it attempted to ascertain which records had or had not been produced. The parties, through their respective counsel, agreed that certain records had been produced, that the financial records of the corporations had been delivered on a compact disc, and that the only issue remaining to be resolved by the court was whether the tax form K–1's for all the shareholders, as well as the stock subscriptions executed by shareholders other than Wilcher, were to be produced. The corporations' concern in producing these documents pertained to the privacy interests of the other shareholders. The trial court ultimately ordered that these documents should be made available to Wilcher.

A written order memorializing this hearing was not entered until August 14, following an August 8 hearing necessitated both by Wilcher's motion for a more definite statement concerning a counterclaim filed by the corporations, and by the corporations' motion for a protective order concerning duplicative production of documents. The August 14 order provided in part that "defendants agreed to produce

---

1. Senior Judge John D. Miller sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. The record does not disclose the relationship between the two corporations, but the on-line records of the Kentucky Secretary of State reveal that the two corporations share the same principal office and have common management.

all remaining items not previously furnished plaintiff, except shareholder subscriptions. Following argument the court ordered defendants to furnish the complete records requested by plaintiff, which order is now commemorated[.]" A receipt in the record indicates that K–1's, stock ledger books, a compact disc showing accounting transactions, and shareholder subscription agreements for both corporations were delivered to Wilcher's counsel on August 9, 2002.

No further proceedings were held until the trial court filed a housekeeping show cause notice for possible dismissal for lack of prosecution.[3] Following the entry of that notice, Wilcher filed a motion for attorney fees. After conducting a hearing on Wilcher's motion on March 15, 2004, the trial court entered an order denying the motion. Wilcher filed this appeal.

KRS 271B.16–040, pursuant to which Wilcher filed his complaint, provides in pertinent part:

(2) If a corporation does not within a reasonable time allow a shareholder to inspect and copy any other record, the shareholder who complies with subsections (2) and (3) of KRS 271B.16–020 may apply to the Circuit Court of the county where the corporation's principal office (or, if none in this state, its registered office) is located for an order to permit inspection and copying of the records demanded. The court shall dispose of an application under this subsection on an expedited basis.

(3) If the court orders inspection and copying of the records demanded, it shall also order the corporation to pay the shareholder's costs (including reasonable counsel fees) incurred to obtain the order unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded.

Following the hearing to determine Wilcher's entitlement to attorney fees, the trial court made a finding that the corporations were making

a good faith effort to allow reasonable inspection of records within the time requested. There is no proof of an ongoing or continued attempt by the defendant not to disclose or allow the plaintiff to copy or inspect the records. Previous orders of this court do not trigger the requirement that attorney fees be paid in the instant case. The lawsuit was prematurely filed. The defendant made a good faith effort in a reasonable time to produce the records requested by the plaintiff.

Initially, we note that KRS 271B.16–020 creates two rights of inspection. The first, under KRS 271B.16–020(1), pertains to documents which a corporation is required to have available at its principal office:[4] articles of incorporation, bylaws, resolutions regarding classes of shares, minutes or records of shareholders actions, communications to shareholders including three years' financial statements,[5] names and addresses of current directors and officers, and the most recent annual verification report.[6] The subsection grants a shareholder the right to inspect on five days' notice. An action to compel production of

3. CR 77.02(2).

4. *See KRS 271B.16–010(5).*

5. KRS 271B.16–200. The financial statements required by this section are those

"showing in reasonable detail [the corporation's] assets and liabilities and the results of its operations."

6. KRS 271B.16–220.

these records is authorized by KRS 271B.16–040(1).

A separate right of inspection for other documents is provided under KRS 271B.16–020(2), the subsection which was the basis of Wilcher's complaint. The records subject to inspection under this subsection are minutes of board of directors' meetings, records of any action of any committee of the board of directors, minutes or actions of shareholders or directors taken without a meeting, accounting records of the corporation, and the record of shareholders. The action to compel inspection of these records is set forth in KRS 271B.16–040(2). While a shareholder has a right to give five days' notice of the date on which he wishes to inspect these records, the corporation is given a "reasonable time" within which to allow the shareholder to inspect and copy such records.[7] Presumably the distinction between the time periods of production exists because the records under KRS 271B–16.010(5) are required to be kept at the corporation's principal office and therefore should be readily accessible, whereas the records under KRS 271B.16–020(2) are not required to be kept in any one particular location and therefore, especially if accounting records, may require more time to assemble.

■ In the instant case, Wilcher argues that only through his filing of this action and the resultant court orders did he obtain the corporate records sought. The trial court record, however, reveals that Wilcher filed the action only nine days after the corporations produced some of the requested documents, and while they were in the process of producing others. In addition, during the initial hearing on July 12, 2002, the parties were fairly well in agreement that the majority of the corporations' records had been produced, with the only disagreements being as to whether the corporations should produce shareholder K–1's and subscription agreements, and as to the quality of the compact disc upon which the corporations had disclosed their accounting records. The August 14, 2002 order memorializing this hearing reflects the corporations' agreement to produce records, and orders the corporations to furnish shareholder subscriptions.

As found by the trial court, the corporations never refused Wilcher's right to inspect and copy records but instead acted in good faith to produce the records in a reasonable time, with the result that Wilcher prematurely filed his action.[8] Under similar circumstances, the North Carolina Court of Appeals, interpreting the identical provisions of North Carolina's business corporation statute,[9] held that a consent order by which the parties agreed to an ongoing access to corporate records did not operate to trigger entitlement to attorney fees.[10]

■ Clearly, as recognized by the trial court, the provisions of subsection (3) of KRS 271B.16–040, giving rise to the right to attorney fees, must be read in conjunction with subsections (1) and (2).[11] In other words, in order for a shareholder to be entitled to attorney fees, the corporation must have effectively denied a share-

---

7. KRS 271B.16–040(2).

8. The only documents which were actually ordered to be produced were the shareholder subscription agreements.

9. N.C. Gen.Stat. § 55–16–04.

10. *Carswell v. Hendersonville Country Club, Inc.,* 609 S.E.2d 460, 462 (N.C.App.2005).

11. *See Baker v. White,* 251 Ky. 691, 694, 65 S.W.2d 1022, 1024 (1933) (in order to determine legislative will and meaning, courts may consider not only a particular section but also the act as a whole).

holder's right to inspect and copy records, either by outright refusal or by failure to act within a reasonable time. To permit otherwise would create an inequitable situation in which a corporation, although complying with the statutorily-mandated disclosure requirements in good faith and in a timely manner, could be forced not only to defend precipitately filed lawsuits, but also to pay the shareholder's attorney fees.

The order of the Boyle Circuit Court is affirmed.

ALL CONCUR.