NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-180

KAREN BARMAKIAN HEROSIAN

vs.

BARMAKIAN METRO WEST LIMITED PARTNERSHIP & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After trying unsuccessfully to get the defendants to provide corporate documents to which she was entitled under G. L. c. 156D, § 16.02, the plaintiff sued in Superior Court under § 16.04 (b) for an order enforcing that right. After a hearing, the judge entered a stipulated protective order and the defendants produced the documents. The judge then entered judgment in favor of the plaintiff and awarded the plaintiff

---

[1] Barmakian West Limited Partnership, Barmakian Property, Limited Partnership, Three Hundred D.W. Limited Partnership, Barmakian Metro, Inc., and Barmakian Fils, Inc.

attorney's fees under § 16.04 (c).[2]  The defendants appealed.[3]

While we agree that the judge could order an award of fees

pursuant to G. L. c. 156D, § 16.04 (c), and its New Hampshire

equivalent, we vacate that portion of the judgment and remand

the matter for further proceedings as to the amount of the fees.

We otherwise affirm.

Background.  Together with ten family members, the

plaintiff holds interests in an array of Barmakian family

entities (collectively, defendants).  For our purposes, it is

relevant to know only that the plaintiff has an interest in each

of four limited partnerships and two family corporations,

Barmakian Metro, Inc. (BM), a Massachusetts corporation, and

---

[2] We treat the order dated November 18, 2024, that awarded attorney's fees as subsumed into the judgment dated December 3, 2024.

[3] At the parties' request, a Superior Court judge consolidated this action with another action brought by the plaintiff against Gail Barmakian, as trustee of the Ara Barmakian Childrens' Trust.  The trust case remains pending and the trustee defendant is not a party to this appeal.  For this reason, we could defer any ruling until the trust case is resolved or the defendants obtain a separate and final judgment in the trial court, see generally Trenz v. Family Dollar Stores of Mass., Inc., 73 Mass. App. Ct. 610 (2009); however, we exercise our discretion to decide this appeal because it is fully briefed and the issues may be resolved on this record. See, e.g., Canavan v. Civil Serv. Comm'n, 60 Mass. App. Ct. 910, 910 (2004).

Barmakian Fils, Inc. (BF), a New Hampshire corporation (corporate defendants).  Her interests are not disputed.

The plaintiff sought certain books and records from the defendants in connection with her estate planning.  The entities conditioned her right to inspect and copy the documents on her consent to a confidentiality agreement.  She objected to the conditions.  When they could not agree on the terms of a confidentiality agreement, the plaintiff filed suit, seeking an order for inspection and copying of records from BM under G. L. c. 156D, § 16.04, and from BF under the New Hampshire analogue statute, N.H. Rev. Stat. Ann. § 293-A:16.04.  She also sought similar documents from the limited partnerships pursuant to G. L. c. 109, § 5.

The defendants moved to dismiss and for a protective order and the judge held a hearing.  After identifying the areas of disagreement and narrowing the disputes, the judge made clear that the defendants' conditions were unreasonable and encouraged the parties to reach agreement on a stipulated order governing the production of the documents the plaintiff "ha[d] rights to get . . . based on her ownership interest."  The judge suggested that, if the parties "reach[ed] agreement as to the form of the order," they could "make it a stipulation that gets so ordered," "[n]ot a protective order . . . but a stipulation that I so

3

order."  She noted that the "case needs to stay open because the information needs to be provided," and she would set the case for a status conference "and make sure everything's been provided pursuant to the stipulation."  She told the parties they were "not going anywhere," but were "coming back to [her] this afternoon . . . and telling [her] this is a deal."

The parties conferred and reached agreement, and the judge entered the resulting stipulated order.  In so doing, the judge "made clear" that the plaintiff was "entitled" to the documents she requested under the "statutes that govern[] some of these entities," which we read as a reference to G. L. c. 156D, § 16.02, and N.H. Rev. Stat. Ann. § 293-A:16.02.  She described the stipulated order as "a mechanism such that the parties can work together and get it done."  She set a sixty-day status date, "to check in and ensure that the information, how the production is going, and that it has been proceeding at pace." As to the defendants' pending motion to dismiss, the judge said she would "endorse the motion to dismiss, no action taken."

The plaintiff sought attorney's fees and costs pursuant to G. L. c. 156D, § 16.04 (c).  Allowing the motion, the judge wrote, "Although [she] permitted the parties to agree upon the scope of the Protective Order," she did so "only after making very clear that [the] Plaintiff was entitled to the documents

4

and the conditions on production the corporate parties sought

were underlined **unreasonable**."

When defense counsel pressed for the entry of judgment "in

favor of the Defendant," the judge remarked,

> "Remember it was me.  I know what happened.  It does not
> seem that it's a judgment for the Defendant.  The Plaintiff
> -- I just issued an order that the Defendants are to pay
> attorney's fees to the Plaintiff because they were forced to
> bring the case to get the documents to which they were
> entitled.  What I think I will -- and I do think judgment is
> appropriate and I think the judgment is in favor of the
> Plaintiffs as I -- Plaintiff as I indicated in my decision
> on the request for attorney's fees.  I will endorse that
> motion denied, but then I will enter judgment for the
> Plaintiff in that case because they had to bring it and they
> got what they sought, and it's over."

Discussion.  "We review questions of statutory

interpretation de novo," Conservation Comm'n of Norton v. Pesa,

488 Mass. 325, 331 (2021), beginning with the plain language of

the statute.  See Commonwealth v. Escobar, 490 Mass. 488, 493

(2022).  "Where the language is clear and unambiguous, it is to

be given its 'ordinary meaning.'"  Casseus v. Eastern Bus Co.,

478 Mass. 786, 795 (2018), quoting Commonwealth v. Mogelinski,

466 Mass. 627, 633 (2013).

1.  Statutory framework.  General Laws c. 156D, § 16.02,

entitles a shareholder of a corporation to "inspect and copy"

"any of the records of the corporation described in" § 16.01 (e)

and § 16.02 (b), with the latter subject to the requirements in

§ 16.02 (c).  While there are differences between the records

5

identified in each subsection, those differences are not germane to our analysis.  The defendants do not dispute that the documents sought from the corporate defendants fall within the ambit of § 16.02.

"Section 16.04 provides a judicial remedy if a corporation refuses to grant the right of inspection provided by § 16.02" and "provides an incentive on the part of the corporation to comply with a legitimate request for inspection by requiring the corporation to pay the reasonable legal fees and other costs of the shareholder whose request was refused."  Comment to G. L. c. 156D, § 16.04, 25A Mass. Gen. Laws Ann. at 118 (Thomson/West 2005).  The fee-shifting provision in § 16.04 (c) reads,

> "If the court orders inspection and copying of the records demanded under section 16.02, it shall also order the corporation to pay the shareholder's costs, including reasonable counsel fees, incurred to obtain the order unless the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded; and the court may order the corporation to pay the shareholder's costs if it orders inspection and copying of records other than under section 16.02."

These laws were enacted in 2003 as part of the Massachusetts Business Corporation Act.  See St. 2003, c. 127, § 17.  The provisions are "based on, but [are] not identical to, the American Bar Association's Model Business Corporation Act," which "is the basis for the corporate statutes of a substantial majority of the states, including all of the other New England

6

states."  Comment to G. L. c. 156D, 25 Mass. Gen. Laws Ann. at 257 (Thomson/West 2020).  The New Hampshire statutes use similar language as the Massachusetts statutes.  See N.H. Rev. Stat. Ann. §§ 293-A:16.02, 293-A:16.04.

2.  <u>Order of inspection and copying</u>.  The judge "made clear" that, under "the statutes" -- i.e., § 16.02, § 16.04 (<u>c</u>), and N.H. Rev. Stat. Ann. § 293-A:16.02 -- the plaintiff was "entitled" to the documents she sought, the conditions the corporate defendants had tried to place on her access to the documents were "<u>unreasonable</u>," and she had been "forced to bring the case to get the documents" to which she was entitled. Bringing the case resulted in the judge's orders, both the stipulated order that governed the production of those documents and her various statements to the parties about the plaintiff's entitlement to the documents.  Without the judge's involvement, in other words, there would have been no inspection and copying. While it would have been preferable for the court to articulate more clearly that she was entering an order pursuant to G. L. c. 156D, § 16.04, we are mindful that this may require a level of fastidiousness that is inconsistent with the pace of a busy trial session.

Here, the complaint alleged a violation of § 16.02, the defendants fought the production, the judge concluded that the

7

plaintiff had been forced to sue in order to get documents to which she was entitled, production occurred only after judicial intervention, the judge determined the corporate defendants had been unreasonable in their refusal to turn over the documents, the judge entered an order setting the terms of the inspection and copying under § 16.02, judgment entered in the plaintiff's favor on the complaint (including the § 16.02 claim), and the judge further corralled the parties through a later status conference. That was enough.

The primary case cited by the defendants, Carswell v. Hendersonville Country Club, Inc., 169 N.C. App. 227, 230 (2005), does not dictate a different result. In that case, a plaintiff shareholder sought and was afforded access to corporate records, with limited exceptions due to reasonable shareholder privacy concerns. Id. at 228-229. Despite having access to the records, the shareholder sued for inspection and copying. The corporation filed a motion to dismiss and the parties (apparently without court involvement) settled the case, including agreeing to dismiss the plaintiff's suit with prejudice. Id. at 229. The parties agreed that the plaintiff had access to all records, including the shareholder records previously withheld. Id. After both parties sought attorney's

8

fees, a judge ruled that each party should bear its own costs and expenses.  Id. at 229-230.

Ruling on the plaintiff's appeal from that order, the Court of Appeals of North Carolina reasoned that, "[a]s there was no court order enforcing plaintiff's statutory right to inspection and copying of defendant's corporate records at defendant's expense, plaintiff was not entitled to an award of attorneys' fees under" the North Carolina analogue to § 16.04 (c).  Id. at 230.  This seems right.  The judge was not an active participant in the Carswell parties' settlement and did not adjudicate their rights through findings of fact or conclusions of law governing the inspection and copying of the requested records.

Here, by contrast, the judge had to order inspection and copying of the records requested under § 16.02 for the plaintiff to access them.  See Durham v. Durham, 151 N.H. 757, 764 (2005) (after plaintiff's request for documents under New Hampshire's § 16.02 analogue properly ruled moot, plaintiff not entitled to attorney's fees pursuant to New Hampshire's § 16.04 analogue when defendants were later ordered to produce documents in discovery); Wilcher v. International Envtl. Techs., Inc., 168 S.W.3d 58, 60-61 (Ky. Ct. App. 2005) (under Kentucky's § 16.02 analogue, order memorializing hearing at which defendants agreed to produce records and ordering them to produce shareholder

subscriptions did not entitle plaintiff to attorney's fees when corporations were already producing records at time suit was filed and never refused plaintiff's right to inspect and copy).

3. Fee award. Attorney's fees and costs may be awarded under G. L. c. 156D, § 16.04 (c), when the records were "demanded under section 16.02." Section 16.02 governs records requested by a "shareholder of a corporation." Among the defendants, two are corporations: BM, a Massachusetts corporation, and BF, a New Hampshire corporation.

The judge's fee order, which was directed to "the corporate entities," properly acknowledged this statutory predicate. But the plaintiff's request included fees and costs for legal work related to the trusts and partnerships. Although "the amount of a reasonable attorney's fee is largely discretionary," Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 429-430 (2005), without an explanation for the inclusion of those fees that appear to fall outside the ambit of the statute, it is challenging to understand how the judge's discretion extended to awarding these fees.[4]

---

[4] The plaintiff maintains that the legal work done to secure the corporate records was indivisible from the work to secure the trust and partnership records, so she was properly awarded fees and costs for the full requested amount. We are not persuaded because, by its terms, the statute affords fees and costs only for those documents sought under § 16.02 -- that is, corporate documents. We do note, however, that § 16.04 (c) also

10

Conclusion.  Although we conclude that attorney's fees and costs were properly awarded under G. L. c. 156D, § 16.04 (c), and its New Hampshire equivalent, because we cannot discern whether the award was limited to corporate fees and costs, or -- if not -- the rationale under which the judge awarded additional fees and costs, we vacate so much of the judgment dated December 3, 2024, as awarded attorney's fees and remand for reconsideration consistent with this memorandum and order.  The judgment is otherwise affirmed.[5]

So ordered.

By the Court (Blake, C.J.,
  Henry & Hershfang, JJ.[6]),

*Paul Little*

Clerk

Entered:  February 10, 2026.

---

allows the court to "order the corporation to pay the shareholder's costs if it orders inspection and copying of records other than under section 16.02."  G. L. c. 156D, § 16.04 (c).  We offer no opinion whether this phrase applies in this context.

[5] The plaintiff's request for appellate attorney's fees is denied.

[6] The panelists are listed in order of seniority.